**Mary Lou STARLING, Petitioner,**

v.

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.**

**Appeal No. 84–1594.**

United States Court of Appeals, Federal Circuit.

March 15, 1985.

Joseph D. Gebhardt, argued, Dobrovir & Gebhardt, Washington, D.C., for petitioner.

Beacham O. Brooker, Jr., Richard K. Willard, Acting Asst. Atty. Gen., David Cohen, Director, Mary L. Jennings and Robert A. Reutershan, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent.

Before NIES, NEWMAN, and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

Petitioner Starling appeals from the final order of the Merit Systems Protection Board (Board), Docket No. DC03518310187, 21 M.S.P.R. 19, which reversed the presiding official's initial decision and sustained the action of the Department of Housing and Urban Development separating Dr. Starling from her position through reduction-in-force (RIF) procedures. We affirm.

## BACKGROUND

Dr. Starling held a position as an Equal Opportunity Specialist, GS–13, with the Department of Housing and Urban Development (agency). Effective October 31, 1982,

the agency conducted a RIF in which Dr. Starling's position was abolished. Even though she was in tenure group IIB, 5 C.F.R. § 351.501(c), (g) (1982), the agency determined that there were no available positions into which Dr. Starling could be placed and therefore separated her.

Dr. Starling appealed her separation to the Board. In an initial decision the presiding official found, *inter alia,* that although the RIF was conducted for a proper reason under 5 C.F.R. § 351.201(a) (1982),[1] the agency had erred in not permitting Dr. Starling to displace an employee in a position under a specifically limited temporary appointment (GS–12, Special Assistant), for which she was qualified. Since employees with a specifically limited temporary appointment are entered on a list apart from the retention register, 5 C.F.R. § 351.404(c) (1982), for administrative convenience the agency assigned them to tenure group 0. The presiding official ordered the agency to retroactively restore her and to correct its records to reflect that she was downgraded into a GS–12 temporary position not to exceed July 23, 1983, the date the one-year temporary appointment was scheduled to expire.

The agency petitioned the full Board for review. The full Board granted the petition, reversed the presiding official's initial decision, and held that, under the RIF regulations, an agency has discretion, but no obligation, to reassign a competing employee to a temporary position in another competitive level.

## OPINION

This court has jurisdiction under 28 U.S.C. § 1295(a)(9) to hear an appeal pursuant to 5 U.S.C. § 7703(b)(1). Our scope of review is limited by 5 U.S.C. § 7703(c). Here, Dr. Starling asserts that she had a right[2] to an offer of assignment to the

---

**1.** *See Bacon v. Department of Housing and Urban Development,* 757 F.2d 265 No. 84–1598 (Fed.Cir., Mar. 15, 1985).

**2.** We need not consider whether the agency abused its discretionary authority in paragraph five of FPM letter 351–12 (1981) by failing to

offer her the temporary position since Dr. Starling's counsel specifically stated at oral argument that there was no assertion of an abuse of discretion.

temporary position based on the letter and the spirit of the RIF statute and regulations.

Regarding the letter of the regulations, Dr. Starling, citing 5 C.F.R. § 351.703(a) (1982),[3] contends that the agency was expressly required to offer her the temporary GS–12 position. Clause (2) of that section pertains to retreat rights. Since Dr. Starling began employment as a GS–13 we are not faced with the question whether she could retreat to a temporary GS–12 position. Clause (1) of that section might seem applicable because one might think an employee in the so-called tenure group 0 (with no retention rights) is in a "lower subgroup" than one in tenure group IIB. However, "subgroup" is a term defined in 5 C.F.R. § 351.501 (1982), Tenure Groups and Subgroups, and pertains to employees in tenure groups I, II, and III. All such employees are "competing employees." 5 C.F.R. § 351.203(a) (1982).

Since employees with specifically limited temporary appointments are not in tenure groups I, II, or III, they are not in a subgroup. As the presiding official observed: "A temporary employee is not assigned to a tenure group, does not compete in the competitive level and would, therefore, not be one of the employees subject to displacement under 5 C.F.R. Section 351.-703." Thus, we conclude that § 351.703 by its terms granted Dr. Starling no right to bump into the temporary GS–12 position.

Even if her situation is not covered by the letter of the regulations, Dr. Starling argues that retaining a noncompeting employee while releasing tenured employees violates the spirit of the RIF statute and regulations. Although Dr. Starling does not dispute that her position was properly included in the RIF, she asserts, citing *Kelly v. United States*, 138 F.Supp. 244,

133 Ct.Cl. 571 (1956), that it was improper for the agency to release her in the RIF, while retaining the employee with no tenure.

However, the focus of the RIF statute, 5 U.S.C. § 3502, is on releasing competing employees, not retaining them. *Cf. Grier v. Department of Health and Human Services*, 750 F.2d 944, 945–46 (Fed.Cir.1984) (since statute directs prescription of regulations for *release* of competing employees, agency not required to expand competitive area so that some employees are retained). Further, the RIF statute pertains to competing employees; according to the RIF regulations, employees with specifically limited temporary appointments are not competing employees. 5 C.F.R. §§ 351.-203(a), .501(b)–(d) (1982). Employees with specifically limited temporary appointments are removed from their positions and the temporary positions are eliminated "through means other than reduction in force." FPM ch. 351, § 2–9(c) (1981). Moreover, the situation here is distinguishable from that in *Kelly v. United States*, 138 F.Supp. 244, 133 Ct.Cl. 571 (1956), because Dr. Starling has not proved that the agency acted in bad faith.

We therefore conclude that the Board was correct in holding that the agency was under no obligation to reassign a competing employee to a temporary position in another competitive level. Accordingly, the decision of the Board sustaining petitioner's separation is affirmed.

AFFIRMED.

---

**3.** § 351.703 Assignment involving displacement, provides:

(a) An agency shall assign under § 351.603 a group I or II employee in a position in the competitive service, rather than furlough or separate him, to a position in the competitive service in another competitive level in his competitive area which requires no reduction, or the least possible reduction, in representative rate when a position in the other competitive level is held by an employee:

(1) In a lower subgroup; or

(2) With lower retention standing in a position from which the group I or II employee was promoted or an essentially identical position.