**Oscar S. ANTOLIN, Petitioner,**

v.

**DEPARTMENT OF JUSTICE,
Respondent.**

No. 89–3348.

United States Court of Appeals,
Federal Circuit.

Dec. 6, 1989.

---

Oscar S. Antolin, Longwood, Fla., pro se.

Thomas W. Petersen, Asst. Director, Stuart E. Schiffer, Acting Asst. Atty. Gen., and David M. Cohen, Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent.

Before RICH and NEWMAN, Circuit Judges, and DUMBAULD, Senior Judge.[*]

RICH, Circuit Judge.

Oscar S. Antolin appeals from the June 20, 1989, decision of the Merit Systems Protection Board (MSPB or board), Docket No. AT34438910225, 41 M.S.P.R. 341, denying his petition for review of the Administrative Judge's (AJ's) decision dated February 28, 1989. The AJ dismissed Antolin's complaint for lack of jurisdiction. We affirm.

## OPINION

From 1984 to 1988, Antolin worked as an Immigration Inspector for the Immigration and Naturalization Service under a series of temporary appointments, each of which was in the competitive service for a period not to exceed 1 year. On April 9, 1988, Antolin's latest appointment was terminated because of his alleged inability to cooperate with his supervisor.

Antolin appealed his termination to the MSPB, alleging that his termination was in fact due to his membership in the Army Reserve, contrary to certain provisions of the Vietnam Era Veteran's Readjustment Assistance Act, 38 U.S.C. §§ 2021–2026. The AJ dismissed Antolin's complaint for lack of jurisdiction, finding that Antolin was not an "employee" under 5 U.S.C. § 7511(a)(1)(A).[1] On this appeal, Antolin argues that since his claim for relief is under 38 U.S.C. §§ 2021–2024, the term "employee" should not be given the narrow interpretation of 5 U.S.C. § 7511, but should be given a broader interpretation which has been given in at least one case based on 38 U.S.C. § 2021 (see note 3, infra). In particular, Antolin maintains that the MSPB should determine whether he had a reasonable expectation that his employment would continue for an indefinite period.

The jurisdiction of the MSPB is not plenary, but is "limited to those areas specifically granted by statute or regulation." *Cowan v. United States*, 710 F.2d 803, 805 (Fed.Cir.1983). The board has the power to hear and adjudicate all matters "within the jurisdiction of the Board under this title [5], section 2023 of title 38, or any other law, rule or regulation." 5 U.S.C. § 1205(a)(1) (1988). In other words, jurisdiction for the board to hear a particular type of action must be granted by some law, rule or regulation. *Schaffer v. Merit Systems Protection Board*, 751 F.2d 1250, 1252 (Fed.Cir. 1985).

5 U.S.C. § 7701(a) governs specifically the appellate jurisdiction of the MSPB. It states that only an "employee" (or "applicant for employment"—not relevant here) may submit an appeal to the MSPB. However, the term "employee" is defined differently under various statutes,[2] and thus the extent of the board's jurisdiction depends upon the particular definition of "employee" in the law, rule or regulation which forms the underlying basis for the board's jurisdiction. *Compare Horner v. Acosta*, 803 F.2d 687, 691 (Fed.Cir.1986); *Reid v.*

---

[*] The Honorable Edward Dumbauld, Senior Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

1. 5 U.S.C. § 7511(a)(1)(A) (1988) provides that:
   (a) For the purpose of this subchapter—
   (1) "employee" means—

(A) an individual in the competitive service who is not serving a probationary or trial period under an initial appointment or who has completed 1 year of current continuous employment under other than a temporary appointment limited to 1 year or less; ....

2. *See, e.g.,* 5 U.S.C. §§ 2105, 4301(2), 7511(a)(1), 7541(1).

*Dept. of Commerce,* 793 F.2d 277, 282 (Fed.Cir.1986).

The key, therefore, is to determine the law, rule or regulation which forms the basis of·Antolin's claim. Antolin requests us to consider any one or all of 38 U.S.C. §§ 2021–2024. The problem with his request is that the board has only limited authority to adjudicate matters arising under these sections. *See* 5 U.S.C. § 1205(a)(1); 5 CFR 353.301. 38 U.S.C. § 2023 provides the basis for so-called "employment restoration" cases. Under this section, an individual who leaves a position (other than a temporary position) in the federal government due to induction into the armed forces, is subsequently discharged from the armed forces, and applies for reemployment is entitled to be reinstated if still qualified. The AJ correctly refused to characterize Antolin's appeal as an employment restoration case, since there is no evidence that Antolin was inducted into the armed forces, was discharged, and subsequently applied for reemployment.[3]

Another suggested basis for Antolin's action, and the one which the AJ discussed in his opinion, is 5 U.S.C. §§ 7511–7514, which provides the basis for so-called "removal actions." In such a case, the board's jurisdiction depends on the definition of employee in § 7511(a)(1). This section limits the scope of the term "employee" in the case of the competitive service to an individual who is not serving a probationary or trial period or who has completed 1 year of service under other than a temporary appointment limited to 1 year or less. Under the plain language of the statute, even when an individual serves a series of temporary appointments of one year or less, that individual does not become an employee for the purpose of § 7511(a)(1). *Fish v. Department of the Navy,* 29 M.S.P.R. 595, 598 (1986) (appellant did not meet the definition of an "employee" even though he

had eight consecutive temporary appointments of one year or less); *Compton v. Department of the Navy,* 31 M.S.P.R. 402, 404–05 (1986). Antolin does not dispute that he was appointed into the competitive service or that each of his appointments was for a period of one year. Therefore, the AJ was correct in concluding that Antolin was not an employee for the purpose of a removal action and that the board lacked jurisdiction to hear his cause of action.

Finally, among the sections of the Readjustment Assistance Act which Antolin urges us to consider is 38 U.S.C. § 2021(b)(3). This section reads as follows:

(3) Any person who seeks or holds a position described in clause (A) or (B) of subsection (a) of this section shall not be denied hiring, retention in employment, or any promotion or other incident or advantage of employment because of any obligation as a member of a Reserve component of the Armed Forces.

38 U.S.C. § 2021(b)(3) (Supp. V, 1987). Thus, assuming Antolin could sustain his allegation that his appointment was terminated due to his membership in the Army Reserve (and assuming that Antolin held a position "other than a temporary position" under § 2021(a)—see note 3, supra), he could state a claim under § 2021(b)(3). However, simply because such a claim exists does not mean that jurisdiction to hear that claim lies in the MSPB; in fact, jurisdiction to hear such a claim is not vested in the MSPB, since no law, rule or regulation provides that such "retention" cases under § 2021(b)(3) be heard in the MSPB.

### CONCLUSION

Since no law, rule or regulation gives the MSPB the authority to hear Antolin's appeal, the decision of the MSPB upholding

---

**3.** At least one case, *Stevens v. Tennessee Valley Authority,* 687 F.2d 158 (6th Cir.1982), has held that the phrase "a position (other than a temporary position)" in 38 U.S.C. § 2021 is interpreted broadly to include a position where the individual had "a reasonable expectation, in light of all of the circumstances of his employment, that his employment would continue for a signifi-

cant or indefinite period." *Stevens,* 687 F.2d at 161. Since we conclude that Antolin has not pled, and apparently is not able to plead, 'an employment restoration case, we do not reach the question of the proper interpretation of the phrase "a position (other than a temporary position)."

**1398**

the AJ's dismissal for lack of jurisdiction is *affirmed.*

AFFIRMED.