972 F.2d 1355
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John F. DESMOND, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3192.
 United States Court of Appeals, Federal Circuit.
 June 17, 1992.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 John F. Desmond (Mr. Desmond) appeals from the October 28, 1991, decision of the San Francisco Regional Office of the Merit Systems Protection Board (MSPB or Board), Docket No. SF0731911041-I-1, and the October 29, 1991, decision of the New York Regional Office of the Board, Docket No. NY3443920003-I-1, dismissing his actions for lack of jurisdiction. Both of the initial decisions became final on December 17, 1991, when Mr. Desmond's petitions for review were dismissed by the full Board because they did not meet the criteria for review set forth at 5 CFR § 1201.115 (1991). We affirm.
 
 OPINION
 
 2
 Mr. Desmond resigned from his position with the Department of the Navy, Military Sealift Command (agency) in 1986. In 1990 and 1991, he submitted employment applications with the Military Sealift Command, Atlantic and Pacific. The applications were subsequently returned to him.
 
 
 3
 On September 19, 1991, and October 2, 1991, Mr. Desmond submitted petitions for appeal to the Board's San Francisco Regional Office and New York Regional Office, respectively. The appeals challenged the refusal of the Military Sealift Command, Pacific and Atlantic, respectively, to accept his applications for employment. Mr. Desmond argued in both appeals that, among other things, the agency refused to accept his applications in retaliation for his alleged whistleblowing activities. Both appeals were dismissed by the Board for lack of jurisdiction.
 
 
 4
 The Board is charged with the adjudication of matters that are placed within its jurisdiction by law, rule, or regulation. 5 USC § 7701(a) (Supp.1990); 5 CFR §§ 1201.2, 1201.3 (1991). See Antolin v. Department of Justice, 895 F.2d 1395, 1396 (Fed.Cir.1989), cert. denied, 111 S.Ct. 184 (1990). Although the agency's decision to return petitioner's applications, standing alone, is not an action which is directly appealable to the Board, see, e.g., Mello v. Department of Energy, 20 MSPR 45 (1984), the Board does have jurisdiction over lesser personnel actions, under some circumstances, where the employee alleges as Mr. Desmond does, that it was taken in reprisal for whistleblowing. 5 USC § 2302(b)(8) (Supp.1990). The Individual Right of Action (IRA) provision of the Whistleblower Protection Act of 1989, Pub.L. No. 101-12, 103 Stat. 16, 5 USC § 1221(a), permits aggrieved persons to petition the Board for correction of any actual or proposed personnel action resulting from retaliation for whistleblowing. However, to invoke the Board's jurisdiction through the IRA, the employee must first seek corrective action for his or her whistleblowing allegations from the Office of the Special Counsel (OSC). 5 USC § 1214(a)(3) (Supp.1990). There is no evidence that Mr. Desmond first sought corrective action from the OSC and, therefore, in the absence of such evidence, the Board correctly dismissed Mr. Desmond's claims for lack of jurisdiction. See Knollenberg v. Merit Systems Protection Board, 953 F.2d 623 (Fed.Cir.1992).
 
 
 5
 Mr. Desmond also argued that the Board has jurisdiction under 5 CFR §§ 731.401(a) because the Office of Personnel Management (OPM), the Department of the Navy, and the Department of Defense, allegedly found he was unsuitable for employment. However, in order to establish the Board's jurisdiction under 5 CFR § 731.401 Mr. Desmond must establish that OPM or an agency authorized by OPM to make suitability determinations disqualified him from examination or appointment for a reason set out in 5 CFR § 731.202. As stated by the New York Regional Office administrative judge, Mr. Desmond failed to present evidence showing that OPM made a suitability determination in returning his application. Although Mr. Desmond indicates in his brief that his application for employment in 1991 was returned to him unconsidered, this does not necessarily indicate that OPM or any agency to whom OPM has delegated authority to make suitability determinations found that he is unsuitable for employment. After reviewing all of Mr. Desmond's arguments on appeal we find that the Board's determination that it lacked jurisdiction under 5 CFR § 731.401 to hear Mr. Desmond's claim is correct.
 
 
 6
 Finally, Mr. Desmond argues that the Board has jurisdiction to hear his appeal under 5 CFR § 353.401 because he was not properly restored following his return from military service. Under 5 CFR § 353.301 a veteran seeking to return to the civil service may appeal to the Board if he or she has a right to restoration under 38 USC §§ 2021 or 2024(a), (b), or (c). To be entitled to restoration following release from military service an employee must have left the position to which he claims restoration to enter the military service, and upon satisfactory completion of that service, must apply for reemployment within 90 days after he or she is released from service. 38 USC § 2021 et seq. (Supp.1990). Mr. Desmond does not claim that he left his position with the agency in 1986 to enter military service. Rather, by his own admission, he resigned from his position to take care of an injury to his tongue which he received on board his ship. In addition, Mr. Desmond failed to present any evidence that he applied for restoration to duty as an honorably discharged veteran within 90 days of his discharge, or that the agency denied him his veteran's reemployment rights. Thus, having failed to establish that he met the criteria for restoration after release from military duty, the Board was correct in finding that Mr. Desmond had no right to appeal denial of restoration to the Board under 5 CFR § 353.401.
 
 
 7
 We have reviewed all of the arguments in Mr. Desmond's brief that are properly before this court. However, we note that Mr. Desmond has raised additional arguments on appeal that were not raised before the Board. These arguments are not properly before us and have been rejected accordingly. Sanders v. U.S. Postal Service, 801 F.2d 1328, 1331-32 (Fed.Cir.1986); Synan v. Merit Systems Protection Board, 765 F.2d 1099, 1101 (Fed.Cir.1985).
 
 
 8
 Since no law, rule or regulation gives the Board the authority to hear Mr. Desmond's appeal, the Board's decision upholding the administrative judges' dismissals for lack of jurisdiction is affirmed.