73 F.3d 380
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Henry SUN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3659.
 United States Court of Appeals, Federal Circuit.
 Dec. 13, 1995.
 
 Before PLAGER and SCHALL, Circuit Judges, and SMITH, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Henry Sun petitions for review of a decision of the Merit Systems Protection Board (Board), Docket No. SF-0752-95-0367-I-1, dismissing his appeal for lack of jurisdiction. For the following reasons, we affirm.
 
 DISCUSSION
 
 2
 The Merit Systems Protection Board's jurisdiction is limited to appeals that are authorized by law, rule or regulation. 5 C.F.R. Sec. 1201.3(a). See, e.g., Antolin v. Dep't. of Justice, 895 F.2d 1395, 1396 (Fed.Cir.1989). Pursuant to 5 U.S.C. Sec. 7511(a)(1)(B), and 39 U.S.C. Sec. 1005(a), a Postal Service employee has standing to appeal to the Board only if he or she is (1) a preference-eligible employee, a management or supervisory employee or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) has completed one year of current continuous service in the same or similar positions. It is undisputed that the petitioner, as a full-time letter carrier, was not a "preference-eligible" employee, manager, supervisor or employee engaged in personnel work. Therefore, because the petitioner does not satisfy the statutory requirements for jurisdiction, the Board properly denied the appeal for lack of jurisdiction.
 
 
 3
 Mr. Sun alleges that the Bill of Rights of the Federal Constitution guarantees a court hearing for every employment problem and that, because he was denied a court hearing, his rights were violated. This is not correct; the Bill of Rights does not provide a forum for every grievance, and Congress has plenary power to distribute jurisdiction among inferior courts as it chooses. "The Congressional power to ordain and establish ... inferior courts includes the power of investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good." (internal quotes omitted) Lockerty v. Phillips, 319 U.S. 182 (1943). See also, Crowell v. Benson, 285 U.S. 22 (1932). In this case, Congress has provided a forum to hear specific types of grievances, and the Board must properly hear those grievances. However, Mr. Sun's complaints do not fall within the Board's jurisdiction and, accordingly, Mr. Sun's Due Process rights were not violated.
 
 
 4
 For the above reasons, we affirm.
 
 COSTS
 
 5
 Each party to bear its own costs.