98 F.3d 1360
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James D. SURDO, Jr., Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3248.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1996.
 
 Before NEWMAN, PLAGER, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 James D. Surdo, Jr. seeks review of the decision of the Merit Systems Protection Board, Docket No. NY0351960046-I-1, dismissing his action for lack of jurisdiction. Because the Board properly concluded that jurisdiction was absent, we affirm.
 
 BACKGROUND
 
 2
 The United States Marshals Service hired Mr. Surdo for a series of temporary assignments as an Intermittent Deputy U.S. Marshal (IDUSM) from September 18, 1991 until September 30, 1995. The appointment was renewed annually; the last appointment was not to exceed September 30, 1995. On September 12, 1995, the agency eliminated the IDUSM positions, and did not renew Mr. Surdo's assignment when his temporary position expired on September 30, 1995.
 
 
 3
 On Mr. Surdo's appeal, the MSPB held that the agency's failure to renew his temporary appointment did not constitute an appealable reduction-in-force action or adverse action. The Board also observed that Mr. Surdo's claim that the agency failed to use proper procedures was not an independent source of jurisdiction. This appeal followed.
 
 DISCUSSION
 
 4
 The Board's appellate jurisdiction is limited to those matters specifically set forth in law, rule, or regulation. 5 U.S.C. § 7701(a). Mr. Surdo argues that the Board has jurisdiction of his appeal because the "U.S. Marshals Service did not properly follow the RIF regulations." However, the Board correctly concluded that Mr. Surdo's discharge at the expiration of his temporary appointment was not a reduction in force. See Starling v. Department of Housing & Urban Dev., 757 F.2d 271, 273 (Fed.Cir.1985) ("Employees with specifically limited temporary appointments are removed from their positions and the temporary positions are eliminated 'through means other than reduction in force.' ") (citation omitted). It is clear that Mr. Surdo held a temporary appointment. Thus his discharge was not an appealable reduction-in-force action. Nor is the failure to renew a temporary appointment an adverse action.
 
 
 5
 A petitioner must meet the statutory definition of "employee" in order to invoke the jurisdiction of the Merit Systems Protection Board, see 5 U.S.C. § 7701(a), with certain limited exceptions not here relevant. The definition of "employee" excludes persons who hold temporary appointments of two years or less. 5 U.S.C. § 7511(a)(1)(C)(ii); see Antolin v. Merit Sys. Protection Bd., 895 F.2d 1395, 1397 (Fed.Cir.1989) ("even when an individual serves a series of temporary appointments ... that individual does not become an employee for the purpose of § 7511(a)(1)"), cert. denied, 498 U.S. 868 (1990). Since Mr. Surdo did not meet the statutory definition of employee, the Board does not have jurisdiction to review his discharge.
 
 
 6
 We take note of Mr. Surdo's request for oral argument, in which he mentions his 19 1/2 years of faithful government employment, the dangers encountered in the position he held by successive temporary appointments, and his loyalty to his employer. We have no authority to modify the statutory system which permits successive temporary appointments, despite the consequence of depriving such employees of the benefits and safeguards provided by statute to federal "employees." The remedy for any ensuing injustice must be provided through the legislative, not the judicial, process.