106 F.3d 426
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Julie N. BOOTH, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 96-3326.
 United States Court of Appeals, Federal Circuit.
 Jan. 15, 1997.
 
 Before PLAGER, RADER, and SCHALL, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Julie N. Booth petitions for review of a final decision of the Merit Systems Protection Board (Board) dismissing her appeal, Docket Number SF-3443960015I1, for lack of jurisdiction. Because the Board correctly concluded that it did not have jurisdiction over Ms. Booth's appeal, this court affirms.
 
 BACKGROUND
 
 2
 Ms. Booth was employed as a quality assurance specialist at the Veterans Affairs Outpatient Clinic in Los Angeles, California (agency). While Ms. Booth was employed at the agency, the person who held the position of quality assurance coordinator left that position. During the eighteen months in which a replacement coordinator was being recruited and trained, Ms. Booth was called upon to perform greatly increased duties around her office. In particular, Ms. Booth served at times as the acting coordinator, did the work of two specialists, and trained a new coordinator and a new specialist after they were hired. In recognition of Ms. Booth's efforts, her work was rated "highly successful" and "outstanding." She received two cash awards of $900 and $430 respectively.
 
 
 3
 Once the agency hired a new quality assurance coordinator, that person was paid at a GS-13/6 salary rate, whereas Ms. Booth was paid at a GS-12 rate. Ms. Booth felt that she should have been paid at the GS-13/6 rate during the time when she was doing the bulk of the work around her office. She repeatedly requested additional compensation without success. Finally, on September 15, 1995, Ms. Booth resigned.
 
 
 4
 In October 1995, Ms. Booth filed an appeal with the Board alleging that the agency had engaged in certain prohibited personnel practices. In essence, Ms. Booth alleged that (1) her starting salary at the agency was too low, (2) she should have been paid at the GS-13/6 rate during the time when she was performing the duties of quality assurance coordinator, (3) she was improperly discouraged from applying for the vacant coordinator position, and (4) she should have been promoted to the vacant coordinator position. She also raised an issue of whistleblower reprisal.
 
 
 5
 In an initial decision dated February 1, 1996, an administrative judge concluded that the Board did not have jurisdiction to hear Ms. Booth's appeal. The initial decision became final June 19, 1996, when the full Board denied Ms. Booth's petition for review. Ms. Booth petitions this court for review of the Board's final decision.
 
 DISCUSSION
 
 6
 The Board's jurisdiction is "limited to those areas specifically granted by statute or regulation." See Antolin v. Department of Justice, 895 F.2d 1395, 1396 (Fed.Cir.1989) (quoting Cowan v. United States, 710 F.2d 803, 805 (Fed.Cir.1983)). If an employee's appeal lies outside the limited jurisdiction of the Board, the Board has no choice but to dismiss the appeal. See Cruz v. Department of Navy, 934 F.2d 1240, 1248 (Fed.Cir.1991). In this case, the administrative judge carefully considered all of Ms. Booth's allegations and correctly determined that none of them was sufficient to establish jurisdiction over her appeal.
 
 
 7
 First, the administrative judge considered Ms. Booth's complaints about her starting salary and lack of promotion. The administrative judge correctly recognized that there is no law, rule, or regulation giving the Board jurisdiction over such matters. See Ellison v. Merit Sys. Protection Bd., 7 F.3d 1031, 1034 (Fed.Cir.1993); Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed.Cir.1985).
 
 
 8
 The administrative judge also considered Ms. Booth's implication that the agency violated the Whistleblower Protection Act. The administrative judge correctly recognized that before an employee may raise an issue of whistleblower reprisal before the Board, he or she must have raised the issue before the Office of Special Counsel (OSC). 5 U.S.C. § 1214(a)(3) (1994). Because Ms. Booth did not meet this requirement, the administrative judge properly found that jurisdiction did not exist under the Whistleblower Protection Act.
 
 
 9
 Ms. Booth asked this court to stay consideration of her petition until she can file her whistleblower allegations with the OSC. Even if Ms. Booth is successful in her belated filing with the OSC, however, that fact cannot retroactively create jurisdiction for the Board in the present case. This court's review is limited to the facts and issues presented to the Board. On this record, the Board did not err.
 
 
 10
 Finally, the administrative judge considered Ms. Booth's allegation that her resignation was involuntarily coerced by agency action. As the administrative judge recognized, the Board lacks jurisdiction to hear an appeal from an employee who has voluntarily resigned. Cruz, 934 F.2d at 1244. Resignations are presumed to be voluntary. Latham v. United States Postal Serv., 909 F.2d 500, 502 (Fed.Cir.1990). An employee asserting that his or her resignation was involuntary must show that it was the result of duress, coercion, or misinformation provided by the agency. See Scharf v. Department of Air Force, 710 F.2d 1572, 1574 (Fed.Cir.1983); Christie v. United States, 518 F.2d 584, 587-88 (Ct.Cl.1975). The administrative judge gave careful attention to Ms. Booth's contentions on this issue and came to the reasoned conclusion that her resignation was voluntary. Ms. Booth has offered no sufficient reason why this court should disturb that finding.
 
 
 11
 This court may reverse the Board's determination only if it was arbitrary, capricious, an abuse of discretion, or otherwise unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986). There is no such error in this case and, accordingly, we affirm.