**Edward V. COX, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 02–3082.

United States Court of Appeals, Federal Circuit.

May 13, 2002.

Before MICHEL, RADER, and GAJARSA, Circuit Judges.

PER CURIAM.

The petitioner, Edward V. Cox, seeks review of the final decision of the Merit Systems Protection Board ("the Board") dismissing his appeal for lack of jurisdiction. *Cox v. Dep't of the Navy*, No. DC–0752–01–0350–I–1, slip op., (M.S.P.B. June 8, 2001). For the reasons explained below, we *affirm*.

## I. BACKGROUND

Mr. Cox was a GS–12 Program Analyst with the Morale, Welfare, and Recreation Support Activity, Headquarters, Marine Corps, in Quantico, Virginia. Mr. Cox retired, effective July 1, 1998. On June 29, 1998, Mr. Cox signed a form, an SF–52, Request for Personnel Action, in connection with his retirement. This form states that the retirement was "voluntary and without any coercion," and that Mr. Cox would receive separation incentive pay in exchange for his decision to retire.

Following his retirement, Mr. Cox filed a formal complaint of age discrimination with the Department of the Navy ("the agency"). The agency issued a final decision finding that Mr. Cox had not been discriminated against.

Mr. Cox appealed the agency's final decision to the Board on March 7, 2001. On appeal, Mr. Cox contended that his retirement was not voluntary, but rather that he had been constructively removed by being subject to discriminatory and harassing treatment at work that forced him to retire. The Administrative Judge ("AJ") of the Board properly noted that employee-initiated actions such as Mr. Cox's retirement are presumed to be voluntary, and therefore outside the scope of the Board's jurisdiction. *Cox v. Dep't of the Navy*, No. DC–0752–01–0350–I–1, slip op., (M.S.P.B. Mar.19, 2001). The AJ therefore issued an Order to Show Cause requiring Mr. Cox to submit evidence and argument sufficient to rebut the presumption of voluntariness, and thereby to establish that his appeal was within the Board's jurisdiction. *Id.*

In response to the Order to Show Cause, Mr. Cox submitted a statement containing alleged facts in support of his contention that he did not retire voluntarily, but rather, that the agency coerced him into retiring by engaging in discrimination and harassment that left him no other reasonable option. Specifically, Mr. Cox alleged that his former supervisor, Ms. Garland, engaged in a number of discriminatory and harassing acts, including, among other things, giving Mr. Cox lower performance ratings than he deserved, reassigning certain of his duties to others, yelling at him, excluding him from meetings, and declining to consider his input regarding a hiring decision.

After considering the allegations submitted by Mr. Cox, the AJ issued the Board's Initial Decision, which dismissed his appeal for lack of jurisdiction without a hearing. *Cox v. Dep't of the Navy*, No. DC–0752–01–0350–I–1, slip op., (M.S.P.B. June 8, 2001). The AJ determined that although Mr. Cox had requested a hearing, he failed to allege facts that, if proven, would be sufficient to establish a *prima facie* case that the Board had jurisdiction over his appeal. *Id.* The AJ noted that in order to satisfy this standard, the alleged discrimination and harassment must be sufficiently coercive to rebut the presumption of voluntariness. Citing this court's decision in *Terban v. Department of Energy*, 216 F.3d 1021, 1024 (Fed.Cir.2000), the AJ stated that the most probative evidence of involuntariness usually involves a relatively short period of time between the allegedly coercive action and the employee's retirement. *Id.*

In Mr. Cox's case, however, the AJ determined that none of the discriminatory and harassing acts alleged by Mr. Cox could rebut the presumption that his retirement was voluntary. This was particularly true, the AJ determined, because the alleged discriminatory and harassing acts all occurred at least one year, and in some instances, many years, before Mr. Cox retired. During the intervening year, Mr. Cox served under a supervisor other than Ms. Garland. Mr. Cox respected his new supervisor, Mr. Taylor, and never alleged that Mr. Taylor discriminated against him or harassed him in any manner. Therefore, the AJ concluded that Mr. Cox failed to identify "circumstances surrounding his decision to retire that might reflect any deprivation of free choice," and dismissed the appeal for lack of jurisdiction. *Id.*

Mr. Cox petitioned for review of the Initial Decision by a full panel of the Board. On September 7, 2001, the Board left the Initial Decision undisturbed. *Cox*, No. DC–0752–01–0350–I–1, slip op., 2001 WL 1090343 (M.S.P.B. Sep.7, 2001). The Board concluded that Mr. Cox had presented no new, previously unavailable evidence, and that the AJ made no error of law or regulation that would affect the outcome of the appeal. *Id.* Accordingly,

the Board denied Mr. Cox's petition for review. *Id.*

Mr. Cox appeals. We have jurisdiction over this final decision of the Board pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

This court's scope of review over decisions of the Board is limited by statute. This court must affirm the decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1340 (Fed.Cir.2001) (citing *Terban*, 216 F.3d at 1024)).

Whether the Board possessed jurisdiction to adjudicate an appeal is a question of law, which we review *de novo*. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed.Cir.1995). As the AJ noted, an employee must, by preponderant evidence, establish that the Board possesses jurisdiction. *See Van Wersch v. Dep't of Health and Human Servs.*, 197 F.3d 1144, 1147 (Fed.Cir.1999) (citing *Forest*, 47 F.3d at 410)).

The jurisdiction of the Board is limited to those actions specifically granted by law, rule, or regulation. 5 U.S.C. § 7701(a) (2000); *Antolin v. Dep't of Justice*, 895 F.2d 1395, 1396 (Fed.Cir.1989) (citing *Cowan v. United States*, 710 F.2d 803, 805 (Fed.Cir.1983)). Employees who voluntarily resign or retire have no right to appeal to the Board. *Shoaf*, 260 F.3d at 1340–41 (citing *Staats v. United States Postal Serv.*, 99 F.3d 1120, 1123–24 (Fed. Cir.1996)). A decision to resign is presumed to be voluntary, *id.* (citing *Staats*, 99 F.3d at 1123; *Christie v. United States*, 207 Ct.Cl. 333, 518 F.2d 584, 587 (1975)), unless the employee rebuts the presumption by proving by preponderant evidence that his or her resignation was involuntary, and therefore tantamount to a constructive removal over which the Board possesses jurisdiction, *id.* (citing *Braun v. Dep't of Veterans Affairs*, 50 F.3d 1005, 1008 (Fed.Cir.1995); *Mintzmyer v. Dep't of the Interior*, 84 F.3d 419, 423 (Fed.Cir. 1996)).

To rebut the presumption of voluntariness where, as here, there are no allegations of deception or misinformation by the agency, the employee must prove that the resignation or retirement was the product of coercion by the agency. *Terban*, 216 F.3d at 1024. Coercion sufficient to demonstrate that retirement was involuntary requires a showing that "working conditions were made so intolerable by the agency that a reasonable person in the employee's position would have felt compelled to resign." *Shoaf*, 260 F.3d at 1341 (citing *Middleton v. Dep't of Defense*, 185 F.3d 1374, 1379 (Fed.Cir.1999) ("The employee must present allegations of fact which, if proven, establish that a reasonable employee confronted with the same circumstance would feel coerced into resigning.").

In the present case, the Board left undisturbed the AJ's decision to dismiss Mr. Cox's appeal without conducting a hearing after the AJ concluded that Mr. Cox failed to allege facts sufficient to present a *prima facie* case that his retirement was the product of coercion by the agency rather than his own voluntary decision. Mr. Cox objects that the Board merely "rubber stamped" the agency's actions rather than reviewing all the facts alleged in his initial complaint and additional submissions. The record, however, reflects no refusal to consider the facts. To the contrary, the reasoning on which the AJ relied in determining that a hearing was unnecessary

assumed the truth of Mr. Cox's allegations. The AJ found that even assuming that the allegations of discrimination and harassment contained in Mr. Cox's complaint and in his submission in response to the Order to Show Cause were true, they nevertheless failed to show that the agency coerced him into retiring.

We find no error in this determination. In *Terban,* we reaffirmed what we explained in *Staats:* in order to establish involuntariness due to coercion, the employee must show that the agency's action left the employee with "no realistic alternative but to resign or retire." *Terban,* 216 F.3d at 1024 (quoting *Staats,* 99 F.3d at 1124)). Here, the allegedly coercive agency action – Ms. Garland's discrimination and harassment based on Mr. Cox's age – occurred more than a year before Mr. Cox retired. Although the Board must consider such allegations, *Shoaf,* 260 F.3d at 1342, it did so here. After considering them, the Board was free to conclude that, on the facts alleged, Mr. Cox had a realistic alternative to retirement despite Ms. Garland's alleged discrimination and harassment. In fact, Mr. Cox apparently chose to exercise his alternative by remaining employed by the agency under a different supervisor for another year. Mr. Cox may have preferred employment in a division of the agency other than the Training Branch to which he was assigned for the year preceding his retirement, but this will not help his claim of involuntariness, because the agency was authorized to reassign him. *See Terban,* 216 F.3d at 1025 (quoting *Staats,* 99 F.3d at 1124, for the proposition that the doctrine of coercive involuntariness does not encompass cases in which the employee decides to retire because he dislikes actions the agency is authorized to adopt, even if those actions make the job unpleasant for the employee)). Consequently, the Board's determination that Mr. Cox failed to rebut the presumption that he voluntarily retired was neither arbitrary nor capricious.

The Board's decision dismissing Mr. Cox's appeal without a hearing was in accordance with law. The Board concluded that Mr. Cox failed to allege facts sufficient to rebut the presumption that his retirement was voluntary. This determination was neither arbitrary nor capricious. Consequently, the Board properly concluded that it lacked jurisdiction over Mr. Cox's appeal. For these reasons, the final decision of the Board is affirmed.

No costs.