**John D. HORTON, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 02–3291.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 8, 2002.

Rehearing Denied Jan. 14, 2003.

Before MAYER, Chief Judge, RADER, and LINN, Circuit Judges.

PER CURIAM.

John D. Horton appeals the May 10, 2002 final decision of the Merit Systems Protection Board dismissing his Individual Right of Action (IRA) appeal for lack of jurisdiction. *Horton v. Dep't of Air Force*, No. AT–1221–01–0778–W–1, 91 M.S.P.R. 666 (M.S.P.B. May 10, 2002). Because the Board lacks jurisdiction over Mr. Horton's IRA appeal, this court *affirms*.

BACKGROUND

Mr. Horton worked as a medical library technician with the Department of the Air Force. On March 15, 2000, the Air Force issued Mr. Horton a notice of proposed

---

removal. Five days later, on March 20, 2000, Mr. Horton filed an Equal Employment Opportunity (EEO) complaint alleging discrimination based on race, sex, and retaliation. The Air Force removed Mr. Horton from service effective March 22, 2000. Mr. Horton and the Air Forced resolved the EEO complaint by a settlement agreement (Agreement) signed on September 13, 2000. Pursuant to this Agreement, the parties agreed that the Air Force would retract the March 15, 2000 termination letter, and Mr. Horton would submit a letter of resignation resigning for personal reasons effective March 22, 2000. This Agreement contained the following provision:

> Complainant's signature on this agreement constitutes full and complete settlement of the above captioned EEO complaint.... In addition, the complainant agrees to waiver his rights to pursue administrative or judicial action in forum concerning the matters raised in this complaint, which include any matters that occurred prior to the execution of this settlement agreement, and that they will not be made the subject of future litigation.

On July 31, 2001, Mr. Horton filed his IRA appeal, alleging that the Air Force terminated him in retaliation for whistleblowing. In response to the appeal, the Air Force produced evidence showing that Mr. Horton resigned pursuant to the EEO settlement agreement. Because the Agreement prohibited "any matters that occurred prior to the execution of [the Agreement]" from becoming "the subject of future litigation," the administrative judge ordered Mr. Horton to show cause why the Board had authority to review his IRA appeal. After Mr. Horton failed to respond, the administrative judge held that the Board lacked jurisdiction and dismissed the IRA appeal on October 29, 2001. Mr. Horton filed a petition with the Board, seeking review of the October 29,

2001 decision. The Board denied Mr. Horton's petition, making the administrative judge's decision final on May 10, 2002. Mr. Horton appealed to this court.

## DISCUSSION

A determination of whether the Board has jurisdiction to address a particular petition for review is a question of law, which this court reviews without deference. *Herman v. Dep't of Justice,* 193 F.3d 1375, 1378 (Fed.Cir.1999). The Board's jurisdiction is limited to those actions specifically granted by some law, rule, or regulation. 5 U.S.C. § 7701(a)(2000); *Antolin v. Dep't of Justice,* 895 F.2d 1395, 1396 (Fed.Cir. 1989). A petitioner must establish that the Board possesses jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(2001); *Van Wersch v. Dep't of Health & Human Servs.,* 197 F.3d 1144, 1147 (Fed.Cir.1999).

Generally, when an employee believes that an agency's adverse action is improper and voluntarily settles that grievance, the Board lacks jurisdiction over that action, other than for enforcement. *Mays v. United States Postal Serv.,* 995 F.2d 1056, 1059–60 (Fed.Cir.1993). The Board may have jurisdiction, however, if the settlement agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *See Briscoe v. Dep't of Veterans Affairs,* 63 M.S.P.R. 137, 139–40 (1994), *aff'd* 55 F.3d 1571 (Fed.Cir.1995). Mr. Horton's IRA action certainly is not a petition for enforcement, and he has not alleged that he involuntarily entered into the September 13, 2000 Agreement.

On appeal to this court, Mr. Horton alleges that there was a "mutual mistake of fact" regarding the scope of the Agreement, and that the parties intended the Agreement to waive future appeals of only the discrimination issues. This intention, however, is not reflected in the broad language of the Agreement, and Mr. Horton

has not provided any corroborating evidence to substantiate his allegation. The Agreement's broad language prohibits "any matters that occurred prior to the execution of this settlement agreement" from becoming "the subject of future litigation." This broad language waives any right to pursue further action concerning Mr. Horton's removal. There is no evidence to show that the Air Force was mistaken about the scope of this waiver. Therefore, at most, there was a unilateral mistake on the part of Mr. Horton, which is insufficient to vest the Board with jurisdiction.

### CONCLUSION

Accordingly, Mr. Horton voluntarily settled the matter of his termination and waived his right to further litigation on this matter. He did not show that the Agreement is unlawful, involuntary, or the result of fraud or mutual mistake. The Board thus lacks jurisdiction to review Mr. Horton's IRA appeal.