NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3116

WANDA THOMAS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

DECIDED: June 12, 2006

Before NEWMAN, SCHALL, and DYK, Circuit Judges.

PER CURIAM.

DECISION

Wanda Thomas petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed for lack of jurisdiction her appeal of her 14-day suspension by her employing agency. Thomas v. Dep't of Veterans Affairs, No. AT3443050448-I-1 (M.S.P.B. Nov. 8, 2005) ("Final Decision"). We affirm.

DISCUSSION

I.

On March 10, 2005, Ms. Thomas filed an appeal with the Board. In the appeal, she alleged that her employing agency, the Miami VA Medical Center, Miami, Florida ("agency"), had improperly suspended her on March 7, 2005, from her position as a Program Support Clerk for 14 days, from March 20, 2005, to April 2, 2005, for disrespectful conduct and sleeping on duty. See Thomas v. Dep't of Veterans Affairs, No. AT3443050448-I-1 (M.S.P.B. May 10, 2005) ("Initial Decision"). Ms. Thomas charged that the agency's action was reprisal for whistleblowing activity on her part.

In an initial decision dated May 10, 2005, the administrative judge ("AJ") to whom the appeal was assigned dismissed the case for lack of jurisdiction. Initial Decision. The AJ explained that the Board lacks jurisdiction over suspensions for less than 15 days and that Ms. Thomas's suspension was for less than 15 days. Id., slip op. at 2 (citing 5 C.F.R. § 1201.3(a)(2)). The AJ noted that the suspension, if allegedly in retaliation for whistleblowing, could have been appealed as an individual-right-of-action ("IRA") appeal under the Whistleblower Protection Act ("WPA") after Office of Special Counsel ("OSC") remedies had been exhausted. Id., slip op. at 2-3 (citing 5 U.S.C. §§ 1214(a)(3), 1221(a)). He pointed out, however, that Ms. Thomas had not raised an IRA claim and had not alleged that she had exhausted her OSC remedies. Id.

The AJ's initial decision became the final decision of the Board when the Board denied Ms. Thomas's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

The jurisdiction of the Board is not plenary, but is "'limited to those areas specifically granted by statute or regulation.'" Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1327 (Fed. Cir. 2006) (en banc) (quoting Antolin v. Dep't of Justice, 895 F.2d 1395, 1396 (Fed. Cir. 1989)); see 5 U.S.C. § 7701(a) (2000). The Board does not have jurisdiction over suspensions for 14 days or less. See 5 U.S.C. § 7512 (2000); Synan v. Merit Sys. Protection Bd., 765 F.2d 1099, 1101-02 (Fed. Cir. 1985). At the same time, the Board lacks jurisdiction over a reprisal claim in the absence of an otherwise appealable action (such as a suspension of more than 14 days), see 5 U.S.C. § 2302(b)(8), unless a petitioner presents an IRA appeal under the WPA after exhausting administrative remedies before OSC. Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

The Board did not err in dismissing Ms. Thomas's appeal for lack of jurisdiction. Her suspension was not more than 14 days; her retaliation claim was not asserted in the setting of an otherwise appealable action; and she could not bring an IRA appeal because she had failed to exhaust required remedies before OSC. The Board's decision is therefore affirmed.

Each party shall bear its own costs.