NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JULIA A. HOLLAND,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3034

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-14-0014-I-1.

---

Decided: July 14, 2015

---

JULIA A. HOLLAND, Vienna, VA, pro se.

JEFFREY GAUGER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* LOURIE and LINN, *Circuit Judges.*

PER CURIAM.

Petitioner Julia Holland appeals from a Merit Systems Protection Board ("Board") final order affirming the administrative judge's dismissal for lack of jurisdiction. We conclude that the Board correctly determined that it lacked jurisdiction over Ms. Holland's appeal. Thus, we affirm.

For twenty-four years, Ms. Holland was employed in a GS-7 position at Wolf Trap National Park for the Performing Arts in Vienna, Virginia. However, on August 27, 2013, Ms. Holland received a reassignment order transferring her to a GS-7 position at Piscataway Park in Fort Washington, Maryland. Ms. Holland has since been reassigned to National Capital Parks-East ("NACE") headquarters in Anacostia, and Ms. Holland never had to report to Piscataway Park. Ms. Holland expresses frustration with the reassignment process, which she alleges was confusing. Ms. Holland also alleges that she was held for four months in an undocumented, day-to-day GS-7 role at NACE headquarters before being officially reassigned there instead of Piscataway Park. Despite being compensated at a GS-7 rate, Ms. Holland asserts that her duties at NACE headquarters did not reflect her GS-7 level. The government responds that the Board lacks jurisdiction over Ms. Holland's appeal because Ms. Holland did not suffer an adverse action.

By regulation, the petitioner bears the burden of proving that the Board has jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i)(A); *see Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012). The jurisdiction of the Board is not plenary, but is "limited to those areas specifically granted by statute or regulation." *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1327 (Fed. Cir. 2006) (quoting *Antolin v. Dep't of Justice*, 895 F.2d 1395, 1396 (Fed. Cir. 1989)). Section 7512 of 5

U.S.C. lists the adverse actions that are appealable to the Board:

(1) a removal;
(2) a suspension for more than 14 days;
(3) a reduction in grade;
(4) a reduction in pay; and
(5) a furlough of 30 days or less.

Ms. Holland has not alleged that she was removed, suspended for more than fourteen days, or furloughed for thirty days or less. While Ms. Holland contends that her new job responsibilities were not GS-7 grade level duties, her reassignment maintained her previous GS-7 grade and pay. As such, Ms. Holland has not suffered a reduction in grade or pay. Therefore, Ms. Holland was not subject to an adverse action, and the Board properly dismissed Ms. Holland's appeal for lack of jurisdiction.

Ms. Holland argues that "violations of the statutory 5 U.S.C. 2301 'Merit Systems Principles' and its OPM implementing regulations should be held to be equally sufficient for the MSPB to assert an independent jurisdictional basis (if one is required).to [sic] consider the merits of cases such as Petitioner's allegation of directed-reassignment abuse." Pet'r's Br. 5. But the Board's jurisdiction is based entirely on statutes passed by Congress—the judiciary cannot independently broaden the Board's jurisdiction without congressional authorization. This court is bound by 5 U.S.C. § 7512, and we must apply the law as given.

Ms. Holland also contends that "OPM's regulatory guidance places the burden of proving that Petitioner did not lose grade on the reassigning agency . . . ." *Id.* The only authority Ms. Holland cites is 5 C.F.R. § 335.102, but 5 C.F.R. § 335.102 provides an agency with the authority to reassign employees—it does not address which party has the burden of proving Board jurisdiction. Rather, as discussed above, 5 C.F.R. § 1201.56(b)(2)(i)(A) and our

case law place the burden of proving Board jurisdiction on the petitioner. Nevertheless, even if the burden were on the government to prove that the Board lacks jurisdiction, the government notes that Ms. Holland's reassignment notice states that "[t]his action will not result in a loss to your pay or grade . . . ." Resp't's App. 19. Therefore, the government has demonstrated that the reassignment has not caused "a reduction in grade" or "a reduction in pay" under § 7512.

We find the remainder of Ms. Holland's arguments unpersuasive.

### AFFIRMED

#### COSTS

Each party shall bear their own costs.