57 F.3d 1085
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Robert B. THORNE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3110.
 United States Court of Appeals, Federal Circuit.
 June 13, 1995.
 
 Before ARCHER, Chief Judge, NIES, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Robert Thorne appeals from a decision of the Merit Systems Protection Board (MSPB or board), Docket No. DE-315H-94-0340-I-1, which dismissed, due to lack of jurisdiction, his appeal for review of the termination of his employment by the Department of Health and Human Services, Indian Health Service (agency).[1] We affirm.
 
 DISCUSSION
 
 2
 Thorne served in a series of temporary assignments with the agency as a Medical Officer, the last of which was converted on August 22, 1993, to a career-conditional appointment subject to a one year probationary period. This appointment was terminated on May 2, 1994, based on allegations of misconduct. Thorne appealed his termination to the board, but his appeal was dismissed due to lack of jurisdiction.
 
 
 3
 The board's jurisdiction is limited to those actions which are made appealable by law, rule or regulation. See 5 U.S.C. Sec. 7701(a) (1988). The board's jurisdiction over adverse actions does not extend to probationary employees who have not completed a year of service other than in temporary appointments of a year or less. 5 U.S.C. Sec. 7513(d) (1988) (employees may appeal adverse actions); 5 U.S.C. Sec. 7511(a)(1) (Supp. V 1993) (defining "employee"). The board found that Thorne had not completed the requisite one year probationary period. Thorne argues, however, that the board erred by failing to take his temporary assignments into account. Thorne cannot rely on his temporary assignments first because a series of temporary appointments of a year or less cannot be strung together to meet the definition of "employee," Antolin v. Department of Justice, 895 F.2d 1395, 1397 (Fed.Cir.1989), and second because Thorne has not alleged that any of his temporary appointments were for more than one year.
 
 
 4
 A probationary employee may appeal a termination that was based on marital status discrimination, based upon partisan political affiliation, or that was based on pre-employment conditions and not effected in accordance with the proper procedures. 5 C.F.R. Sec. 315.806 (1995). This provision, however, does not give the board jurisdiction over Thorne's appeal. He has not made any non-frivolous allegations that his termination was based on any of these grounds.
 
 
 5
 Finally, the Whistleblower Protection Act (WPA) may give the board jurisdiction over Individual Right of Action (IRA) appeals brought by a probationary employees. See 5 U.S.C. Sec. 1221 (Supp. V 1993). Thorne argues that the board erred in dismissing his appeal because the Office of Special Counsel (OSC) had, at the time he filed his appeal brief, not yet completed its investigation into his whistleblowing charges. An IRA appeal may be brought to the board only after either (1) the OSC has notified the appellant that it was terminating its investigation into the appellant's allegations or (2) the OSC has not notified the appellant that it would seek corrective action on the appellant's behalf and 120 days have passed since the appellant filed a request for corrective action with the OSC. 5 U.S.C. Sec. 1214(a)(3) (Supp V 1993); 5 C.F.R. Sec. 1209.5 (1994). The WPA does not give the board jurisdiction over Thorne's appeal because, at the time the appeal was filed, Thorne neither received notification from the OSC that it was terminating his investigation nor had he waited 120 days after filing his request for corrective action before filing this appeal.
 
 
 
 [1]
 The August 17, 1994 initial decision of the administrative judge became the final decision of the MSPB on October 19, 1994 when the MSPB denied Thorne's petition for review