Robert B. THORNE, Petitioner,

v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES,
Respondent.

No. 00–3450.

United States Court of Appeals,
Federal Circuit.

Feb. 14, 2001.

Before LOURIE, RADER, and DYK,
Circuit Judges.

PER CURIAM.

Dr. Robert B. Thorne, M.D., seeks review of the final decision of the Merit Systems Protections Board (Board) denying his individual right of action request for corrective action under the Whistleblower Protection Act of 1989(WPA), Pub.L. No. 101–12, 103 Stat. 16 (1989) (codified in scattered sections of 5 U.S.C.). *Thorne v. Dep't of Health and Human Serv.*, 86 M.S.P.R. 693, No. DE–1221–96–0526–B–1 (M.S.P.B. Aug. 28, 2000) (final order). Because the Board's decision to deny the request for corrective action was not arbitrary, capricious, an abuse of discretion, unlawful, or unsupported by substantial evidence, this court *affirms*.

I.

Dr. Thorne served in a series of temporary assignments with the Department of Health and Human Services (agency) as a GS–14 Medical Officer. On August 22, 1993, the agency appointed Dr. Thorne for a career-conditional position, subject to a one-year probationary period. Dr. Thorne was terminated on May 2, 1994, based on allegations of his "uncooperative and divisive attitude [that] had a detrimental impact on the moral[e] and efficiency of the service unit."

Dr. Thorne appealed his termination to the Board, but that appeal was dismissed for lack of jurisdiction. *Thorne v. Dep't of Health and Human Serv.*, No. DE–315H–94–0349–I–1 (MSPB Aug. 17, 1994); *Thorne v. Dep't of Health and Human Serv.*, No. 95–3110, 1995 WL 358035, 1995 U.S.App. LEXIS 14687 (Fed.Cir. June 13, 1995) (per curiam).

After Dr. Thorne filed (and then refiled) a WPA claim with the Office of Special Counsel (OSC), the Board ruled that Dr. Thorne had exhausted his remedies regarding one disclosure. The Board also held that the one disclosure, an allegation

by Dr. Thorne that the agency had denied compensation under the Physician's Comparability Allowance (PCA) Program, was protected under the WPA. *Thorne v. Dep't of Health and Human Serv.*, No. DE–1221–96–0526–W–2, slip op. at 3–5 (M.S.P.B. Jan. 23, 1998) (*Thorne I*). The Board further held, however, that Dr. Thorne failed to show that the disclosure had been a contributing factor in his termination. *Thorne I*, slip op. at 5–7. Moreover, the Board decided that the agency had proven by clear and convincing evidence that the termination would have taken place regardless of the protected disclosure. *Thorne I*, slip op. at 7–9.

Dr. Thorne petitioned the full Board, which vacated and remanded the initial decision when it found that Dr. Thorne had raised three other alleged protected disclosures to OSC in 1994. *Thorne v. Dep't of Health and Human Serv.*, 79 M.S.P.R. 583, 589 (1998). On remand, the administrative judge found that Dr. Thorne raised four alleged protected disclosures before the OSC: (1) he and other employees were denied PCA Program bonuses; (2) he was not allowed to attend a training course in obstetrics as promised; (3) his supervisor, Dr. Randy Ramirez (who wrote Dr. Thorne's letter of termination), was frequently absent and otherwise failed to perform his duties; and (4) management mistreated two of his co-workers. *Thorne v. Dep't of Health and Human Serv.*, No. DE–1221–96–0526–B–1, slip op. at 4 (M.S.P.B. Jan. 3, 2000) (*Thorne II*).

The administrative judge determined that three of those disclosures were protected under WPA. The administrative judge also found that the second disclosure was not protected because the decision by Dr. Thorne's supervisor to deny an obstetrics training course was not based on improper or illegal considerations, or otherwise an abuse of authority. *Thorne II*, slip op. at 5–6. The administrative judge further found that Dr. Thorne failed to present any evidence that the disclosure regarding his two co-workers played any part in his termination. *Id.* at 7. The administrative judge assumed, however, that the two remaining disclosures (regarding the PCA bonus and Dr. Ramirez' work habits) contributed to Dr. Thorne's termination. *Id.* at 7–8.

The administrative judge listened to testimony from two witnesses for the agency, Dr. Ramirez, Dr. Thorne's immediate supervisor, and Ken Smoker, a Service Unit Director. The administrative judge also heard testimony from five witnesses for Dr. Thorne, including himself, three of his co-workers, and James Melbourne, Director of the Tribal Health Program. The administrative judge found that Mr. Smoker and Dr. Ramirez, who testified that the agency terminated Dr. Thorne based on his divisive attitudes and combative behavior, were the most credible of the seven witnesses. *Id.* at 8–10.

Based on that testimony, the administrative judge determined that the agency had shown by clear and convincing evidence that it would have terminated Dr. Thorne during his probationary period regardless of the protected disclosures. Consequently, Dr. Thorne's request for corrective action was denied. The full Board denied his petition for review, and issued a final order on August 28, 2000. Dr. Thorne timely appeals to this court under 5 U.S.C. § 7703(b)(1) (1994).

## II.

This court must affirm any Board decision not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial

evidence. 5 U.S.C. § 7703(c) (1994); *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984). On appeal to this court, Dr. Thorne asserts that the Board erred by: (a) failing to respond to his 29–page rebuttal to the administrative judge's initial decision (i.e., *Thorne II*); (b) misapplying the WPA; and (c) failing to consider "important grounds for relief" as outlined in his 29–page rebuttal.

As stated in its final order dated August 28, 2000, the Board fully considered the filings of Dr. Thorne in his appeal, including his petition for review (i.e., his 29–page rebuttal) filed on February 25, 2000. The Board concluded that there was no new, previously unavailable, evidence, and that the administrative judge made no error in law or regulation that affected the outcome. Thus, the Board did respond, even if not favorably, to Dr. Thorne's rebuttal.

Moreover, this court finds that the Board properly applied the relevant law in its initial decision and final order. The administrative judge correctly determined that Dr. Thorne's rights were derived from the WPA, and correctly applied applicable law. Dr. Thorne has not alleged any specific misapplication of any relevant WPA statute, rule or regulation, and this court finds none.

Regarding the factual allegations outlined in Dr. Thorne's 29–page petition for review, Dr. Thorne presumably alleges that the Board's initial decision was not supported by substantial evidence. On appeal to this court, Dr. Thorne asserts that: (1) "crucial witnesses were not talked with" during an OSC investigation; (2) the written results of the OSC investigation were not made available to Dr. Thorne; (3) the OSC investigation was performed after his termination; (4) the OSC did not properly investigate Dr. Ramirez's "time and attendance fraud"; (5) a witness for the agency was not properly prepared for a pre-hearing conference conducted by a different administrative judge in an earlier decision by the Board; and (6) an additional co-worker was removed from his position as Billings Area Director.

As noted above, the administrative judge found that three out of four of the alleged disclosures were protected disclosures under the WPA. Moreover, the administrative judge determined that two of those disclosures (regarding the PCA bonus and Dr. Ramirez's work habits) contributed to Dr. Thorne's termination. As a consequence, almost all of the factual assertions in Dr. Thorne's petition for review, including the ones outlined above, were either superfluous or irrelevant to the current appeal.

Dr. Thorne also alleges that the administrative judge improperly weighed witness testimony because "so much that was favorable to me was left out," and "perjury was ignored."

When there is conflict between the testimony of petitioner and other witnesses, it is the duty of the Board to determine the credibility of all the witnesses and accept the testimony it finds most plausible. *John C. Kohler v. United States*, 204 Ct.Cl. 777, 498 F.2d 1360, 1363 (Ct.Cl.1974). These credibility determinations are virtually unreviewable on appeal. *Planning Research Corp. v. United States*, 971 F.2d 736, 741 (Fed.Cir.1992); *Hambsch v. Dep't of the Treasury*, 796 F.2d 430, 436 (Fed. Cir.1986). This special deference "simply recognizes the reality that the conduct of a witness while testifying may fairly detract from the written word." *Jackson v. Veterans Admin.*, 768 F.2d 1325, 1331 (Fed.Cir. 1985) ("The MSPB must afford special deference to the presiding official's findings respecting credibility where the presiding official relies expressly or by necessary implication on the demeanor of the witnesses.").

After listening to seven witnesses, including Dr. Thorne and four other witnesses testifying on Dr. Thorne's behalf, the administrative judge found that Mr. Smoker and Dr. Ramirez were the most credible, even if Dr. Ramirez was "somewhat evasive about who made the decision to terminate the appellant." *Thorne II,* slip op. at 9. The administrative judge found Dr. Ramirez to be straightforward on other issues, "going so far as to admit that he had difficulty balancing his administrative duties and consequently did not see as many patients as he should have." *Id.* Moreover, the administrative judge found that "Smoker had no real motivation to lie as he was not the target of any of the appellant's protected disclosures." *Id.*

The administrative judge also determined that the three co-workers presented by Dr. Thorne were not medical doctors or nurses, and consequently, were less able to make an assessment of Dr. Thorne's medical judgment. *Id.* Moreover, the administrative judge found that Mr. Melbourne did not work with Dr. Thorne closely enough to cast serious doubts on the statements of Mr. Smoker and Dr. Ramirez regarding Dr. Thorne's divisive behavior and its effects on medical staff. *Id.* Finally, as Dr. Thorne admitted in his petition for review, he "did get angry on some occasions," and felt that "matters need to be pointed out with a certain amount of anger and annoyance." When testifying before the Board, the administrative judge found that Dr. Thorne, at least to some extent, confirmed the testimony of Mr. Smoker and Dr. Ramirez regarding his behavior and certain medical issues. *Id.* at 10.

In light of the special deference given to witness credibility determinations, the finding by the administrative judge regarding the credibility of the seven witnesses is not arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law. Moreover, substantial evidence supports the administrative judge's conclusion that the agency submitted clear and convincing evidence that it would have terminated Dr. Thorne during his probationary period in the absence of his disclosures.

## III.

Dr. Thorne has not shown that the Board's decision was arbitrary or capricious, or that it involved an abuse of discretion or was otherwise not in accordance with relevant laws, rules, and regulations. Because substantial evidence supports the Board's decision to deny the request for corrective action, this court affirms.