**Constance HORNER, Director, Office of Personnel Management, Petitioner,**

v.

**Maurice LUCAS, Respondent.**

**No. 87–3107.**

United States Court of Appeals, Federal Circuit.

Nov. 4, 1987.

Jonathan S. Baker, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for petitioner; with him on brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director; also on brief were Hugh Hewitt, Gen. Counsel and Stuart Rick, Office of Gen. Counsel, Office of Personnel Management, Washington, D.C., of counsel.

William J. Nold, Nold, Miller, Mosley, Clare, Hubbard & Townes, Louisville, Ky., argued for respondent.

Before MARKEY, Chief Judge, DAVIS and BISSELL, Circuit Judges.

DAVIS, Circuit Judge.

The Government petitions for review of an arbitrator's decision holding a person in a temporary position to be an "employee" under 5 U.S.C. § 7511(a)(1) (1982), and entitled to the procedural protections of 5 U.S.C. § 7513 (1982).[1] We reverse.

## I.

Respondent Lucas was a painter's helper at the Naval Ordnance Station, Louisville, Kentucky (agency), serving from August 19, 1984 to August 17, 1985 in a temporary position. While in that temporary position, he had an altercation (on March 15, 1985) with another painter's helper while on duty. Considering Lucas a temporary worker not entitled to the protections of an

---

**1.** Leave to appeal was granted by this court on November 19, 1986.

"employee" under the Civil Service Reform Act (5 U.S.C. § 7511(a)(1)(A)), his agency removed him (on April 5, 1985) without granting him all the procedural protections of such a statutory "employee." He appealed to an arbitrator who upheld his grievance on the ground that he was in fact a statutory "employee" because he had completed one year of continuous employment for the Government between 1981 and 1984; Lucas was granted back pay for the remainder of his term of employment. This appeal (by the Government) followed.

## II.

Prior to his temporary appointment from August 19, 1984 to August 17, 1985, Mr. Lucas had been employed in a number of temporary federal positions. From March 23, 1980 to September 27, 1980, he was a temporary painter's helper. On October 1, 1980 he received a temporary appointment as a metal fabricator, and on October 6, 1980 he was appointed to the temporary position of painter's helper. He received another temporary appointment on October 1, 1981, which was converted to a career-conditional appointment on November 29, 1981. In June 1984, he was separated from that position pursuant to a reduction-in-force. He then had a 90–day temporary appointment as a painter's helper, and then returned on August 19, 1984 to a temporary painter's helper position which is now on review.

On the basis of this past record—especially the career-conditional appointment from November 1981 to June 1984—the arbitrator ruled that he was a statutory "employee," entitled to all the statutory protections of the Civil Service Reform Act.

## III.

We hold that the arbitrator erroneously interpreted the statute. Section 7511(a)(1)(A) of title 5 provides that an "employee" (for purposes of the adverse action portion of the Civil Service Reform Act) is described as:

an individual in the competitive service who is not serving a probationary or trial period under an initial appointment or who has completed 1 year of current continuous employment under other than a temporary appointment limited to 1 year or less.

At the time Mr. Lucas was removed, he held only a temporary appointment (in other words, an appointment comparable to a "probationary or trial period"). Nor had he, at that time, served in a non-temporary appointment for which he had completed *current* continuous employment of at least one-year. To be an "employee" the statute mandates that he be serving in continuous employment in a non-temporary appointment *at the time of the adverse action.* Previous service in a non-temporary post, which is followed by new temporary positions, is irrelevant under the statute.[2]

Also confirming this reading are the legislative and administrative constructions. The Senate Report for the Civil Service Reform Act said that the part of the bill which became subsection 7511(a) "provides a statutory basis for the procedural protections and appeal rights now granted employees in the competitive service who *are* serving under career, career-conditional, or certain other *non-temporary* appointments" (emphasis added). S.Rep. No. 969, 95th Cong., 2d Sess. 48 (1978), U.S.Code Cong. & Admin.News 1978, pp. 2723, 2770. Also, the Federal Personnel Manual (FPM) chapter 752 states:

Employees in temporary appointments limited to one year or less are not covered by the provisions of adverse action law and regulation even when their appointments may inadvertently be extended past one year or when they have served more than a year in two or more temporary appointments.

*See also United States Dep't of Justice v. Federal Labor Relations Auth.,* 709 F.2d 724, 728–30 (D.C.Cir.1983).

Furthermore, the Supreme Court has recently stated that "Congress clearly intend-

---

**2.** Petitioner's service as a career-conditional employee between 1981–1984 was both preceded and followed by new periods of temporary employment. There was no continuity between

the career-conditional service and the subsequent temporary service, including the temporary post from which he was removed in 1985.

ed that an arbitrator would apply the same substantive rules [under the Civil Service Reform Act] as the [Merit Systems Protection] Board does in reviewing an agency disciplinary decision." *Cornelius v. Nutt,* 472 U.S. 648, 660, 105 S.Ct. 2882, 2889, 86 L.Ed.2d 515 (1985). However, the Merit Systems Protection Board decisions defining what constitutes a Civil Service Reform Act "employee" are inconsistent with the arbitrator's decision in this case. *See Jackson v. Department of Defense,* 28 M.S.P.R. 463 (1985) (worker's prior completion of probationary position in competitive service position prior to accepting temporary position from which he was terminated did not make him a statutory "employee"). *See also Compton v. Department of the Navy,* 31 M.S.P.R. 402 (1986) (it is immaterial that the worker's combined service under a series of temporary appointments may have been longer than a year). Though an arbitrator may possibly not be bound by particular decisions of the MSPB (*see Devine v. Sutermeister,* 724 F.2d 1558, 1564–65 (Fed. Cir.1983)), these MSPB decisions are legally correct and therefore dispositive constructions of the statutory definition of "employee."

For these reasons, the arbitrator's holding that Lucas was entitled to the protections of 5 U.S.C. §§ 7511(a)(1) and 7513 must be set aside.

REVERSED.