996 F.2d 317
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William G. BYAS, Sr., Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3531.
 United States Court of Appeals, Federal Circuit.
 April 6, 1993.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Mr. William G. Byas, Sr., petitions for review of the March 24, 1992 initial decision of the Administrative Judge (AJ), Docket No. SL0752920203I-1, which dismissed his appeal for lack of jurisdiction. The initial decision became final when the full Merit Systems Protection Board (MSPB or Board) denied review on June 24, 1992. For the reasons stated below, we affirm.
 
 DISCUSSION
 
 2
 Mr. William G. Byas, Sr., petitioner, was serving a one year temporary appointment in the position of Mobile Equipment Servicer. On May 14, 1989, this temporary appointment was converted to a VRA appointment. A veteran serving a VRA appointment for a year or more in the same or similar capacity is considered an "employee" under 5 U.S.C. § 7511 (1988), thereby entitling the veteran to appeal adverse agency actions to the Board. See Gettings v. Department of the Air Force, 48 M.S.P.R. 502, 506 (1991).
 
 
 3
 On May 28, 1989, only 14 days after being given the VRA appointment, Mr. Byas received a Notification of Personnel Action pursuant to his having accepted a promotion which increased his salary from $8.25 an hour to $11.36 an hour. Under the block headed "Nature of Action," the notice stated: "CONV TO NTE 05-07-90". Petitioner's Appendix at 14. Additionally, on the same form, in Box 5-D headed "Legal Authority", there was a reference to "REG 316.402(A)". Id. The Code of Federal Regulations, 5 C.F.R. § 316.402(a), in effect at that time, provided the legal appointing authority for temporary limited appointments. However, there is no evidence that Mr. Byas was given a copy of the regulation at the time he received the Notice or that the meaning and effect of the regulation was ever explained to him.
 
 
 4
 On January 31, 1992, the petitioner was involuntarily terminated. The petitioner made a timely appeal of his termination to the Board. The AJ informed the parties that a question existed as to the Board's jurisdiction over the appeal. Accordingly, in the acknowledgement order, the AJ ordered the petitioner to submit evidence and argument regarding the jurisdictional issue within 15 days. See Petitioner's Appendix at 20. The agency filed a response to the petitioner's appeal and a motion to dismiss the appeal for lack of jurisdiction. The 15 day period elapsed and the record closed. Thereafter, the petitioner attempted to submit evidence and argument addressing the jurisdictional issue, but the AJ returned the petitioner's submission stating that it was filed in an untimely manner. See Petitioner's Appendix at 31.
 
 
 5
 The AJ held that the petitioner failed to raise a nonfrivolous allegation which could establish a basis for MSPB jurisdiction. The AJ found that the petitioner was serving under a temporary appointment at the time of termination. Therefore, the AJ concluded that the petitioner was not an "employee" under 5 U.S.C. § 7511 (1988), and that the petitioner was not entitled to MSPB appeal rights. The AJ's initial decision dismissing for a lack of jurisdiction became final when the full Board denied review on June 24, 1992. This appeal followed.
 
 I.
 
 6
 Applying our precedent to the facts in this case, the petitioner cannot be considered an "employee" under 5 U.S.C. § 7511 (1988). In Antolin, this court held that an individual who serves a series of consecutive temporary appointments does not come within the statutory definition of "employee" under 35 U.S.C. § 7511(a)(1) (1988). Antolin v. Department of Justice, 895 F.2d 1395, 1397 (Fed.Cir.1989). In contrast, the petitioner argues that under Roden v. Tennessee Valley Authority, 25 M.S.P.R. 363 (1984), he should be considered an "employee" under 5 U.S.C. § 7511 (1988). However, in Roden, at the time the individual was removed, he was classified as preference eligible within the excepted service and had completed over one year of continuous employment. Id. The MSPB found the individual to be an "employee" under 5 U.S.C. § 7511(a)(1)(B), which specifically applies to individuals classified as preference eligible in the excepted service. Id. The petitioner was not classified as such at the time of his removal, and therefore Roden does not apply.
 
 
 7
 Petitioner also argues that there was no formal notice informing him that the promotion to Automotive Mechanic would divest his VRA appointment. Therefore, he argues that this court should apply Roden on the basis that, without notice to the contrary, he must be considered preference eligible in the excepted service under the VRA appointment granted on May 14, 1989. Conversely, the agency argues that it is clear from the Notice of Personnel Action dated May 28, 1989 that the petitioner's appointment was reclassified to a temporary appointment. Respondent's Brief at 9. We disagree. In the lexicon of government personnel officers, the cryptic information contained in the Notice of Personnel Action of May 28, 1989, meant that the employee was being converted to an appointment not to exceed May 27, 1990, pursuant to the cited regulation. Yet, the record is devoid of any indication that at the time of the reclassification, the petitioner understood or realized that by accepting his promotion, his VRA appointment was terminated. Therefore, it is questionable whether the VRA appointment was divested on May 28, 1989.
 
 
 8
 However, the Notifications of Personnel Action issued by the agency on May 28, 1990, and again on May 28, 1991, clearly state that the petitioner was serving a temporary appointment which could be terminated at any time without the benefit of adverse action procedures. Respondent's Appendix at 15-16. The petitioner did not challenge his status at that time, and continued to serve under temporary appointments until January 31, 1992. In Horner, this court held that in order to be considered an "employee" under 5 U.S.C. § 7511 (1988), the individual must be serving in a non-temporary post at the time of removal. Horner v. Lucas, 832 F.2d 596, 597 (Fed.Cir.1987). At the time of the petitioner's removal on January 31, 1992, it is beyond cavil that he was serving under a temporary appointment. Therefore, the AJ properly determined that the petitioner cannot be considered an "employee" under 5 U.S.C. § 7511 (1988).
 
 II.
 
 9
 The petitioner argues that the AJ committed reversible error in ruling that the petitioner filed his response to the agency's motion to dismiss in an untimely manner. The petitioner's argument is without merit. The AJ's acknowledgment order clearly informed the petitioner that he had 15 days to file evidence and argument regarding the jurisdictional question. The acknowledgment order also stated that once the record closed, new evidence and argument would not be admitted absent a showing that the new evidence and argument was not available before the record closed. In attempting to submit the response to the agency's motion to dismiss after the record had closed, the petitioner did not demonstrate that the submission contained previously unavailable evidence. This court reviews Board decisions under a narrow standard, affirming the decisions unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Finding no such grounds present here, we affirm.