98 F.3d 1358
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Guadalupe LOPEZ, Jr., Petitioner,
v.
HOUSING AND URBAN DEVELOPMENT, Respondent.
 No. 96-3230.
 United States Court of Appeals, Federal Circuit.
 Sept. 19, 1996.
 
 Before MAYER, Circuit Judge, COWEN, Circuit Judge, and RADER, Circuit Judge.
 RADER, Circuit Judge.
 
 
 1
 In this personnel case, Guadalupe Lopez, Jr. petitions for review of the Merit Systems Protection Board's (Board) dismissal of his action for lack of jurisdiction. Because the Board properly concluded that Mr. Lopez did not show jurisdiction, this court affirms.
 
 BACKGROUND
 
 2
 The United States Department of Housing and Urban Development (HUD) had hired Mr. Lopez for a series of temporary appointments to the position of Equal Opportunity Specialist. Each appointment was for a period of one year or less. His most recent appointment was not to exceed September 30, 1994. On September 14, 1994, HUD discharged Mr. Lopez from his temporary position.
 
 
 3
 After filing a complaint with the Office of Special Counsel, Mr. Lopez filed an individual right of action (IRA) appeal with the Board. He alleged that HUD had terminated him from his temporary position in reprisal for activities protected under the Whistleblower Protection Act of 1989(WPA). Specifically, Mr. Lopez stated that on July 12, 1994, he had sent a letter to HUD's Office of Inspector General alleging that HUD personnel were negligent in monitoring a state agency's handling of housing discrimination complaints.
 
 
 4
 The Board held a jurisdictional hearing on October 25, 1995. On November 1, 1995, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. The Board then denied Mr. Lopez's petition for review on April 15, 1996.
 
 DISCUSSION
 
 5
 Under most circumstances, an employee hired for a series of temporary appointments has no right to appeal a removal action to the Board. See 5 U.S.C. §§ 7511(a)(1)(A), 7513(d)(1994); Horner v. Lucas, 832 F.2d 596, 597 (Fed.Cir.1987). A temporary employee, however, may file an IRA appeal to the Board if his dismissal was in reprisal for protected whistleblowing activities. 5 C.F.R. § 1209.2 (1996). To establish the Board's jurisdiction over an appeal under the WPA, Mr. Lopez must show that he disclosed information which he reasonably believed evidenced a legal violation, an instance of gross mismanagement, an instance of gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8) (1994); Horton v. Department of Navy, 66 F.3d 279, 282 (Fed.Cir.1995), cert. denied,116 S.Ct. 1271 (1996).
 
 
 6
 In this case, the relevant inquiry is whether Mr. Lopez reasonably believed his disclosure revealed gross negligence. See Fredrick v. Department of Justice, 73 F.3d 349, 352 (Fed.Cir.1996). Gross mismanagement must be more than mere inadvertence or negligence. See Ward v. Merit Sys. Protection Bd., 981 F.2d 521, 525 (Fed.Cir.1992); see also Nafus v. Department of Army, 57 M.S.P.R. 386, 395 (1993) ("[G]ross mismanagement does not include management decisions which are merely debatable, nor does it mean action or inaction which constitutes simple negligence or wrongdoing.... Gross mismanagement means a management action or inaction which creates a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission.")
 
 
 7
 The Board found that Mr. Lopez did not establish that he had engaged in whistleblowing activities. Although finding Mr. Lopez's testimony regarding his disclosure somewhat inconsistent, the Board assumed that Mr. Lopez had in fact made the complaint. However, even considering his evidence and testimony true and accurate, Mr. Lopez's disclosure at most constitutes a report of negligent supervision by HUD personnel. Mr. Lopez provided no evidence that the impact of the situation he reported amounted to gross negligence. The Board, therefore, correctly determined that Mr. Lopez could not have reasonably believed the actions in his disclosure constituted "gross mismanagement."
 
 
 8
 Thus, the Board did not err in concluding that Mr. Lopez failed to make a protected disclosure under the WPA.