**William J. VERNON, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY, Respondent.**

No. 03–3016.

United States Court of Appeals, Federal Circuit.

DECIDED: March 7, 2003.

Before MAYER, Chief Judge, MICHEL, and PROST, Circuit Judges.

PER CURIAM.

William J. Vernon petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal of his removal from a position with the United States Customs Service for lack of jurisdiction. *Vernon v. Dep't of the Treasury*, Docket No. NY–315H–01–0329–I–1, 93 M.S.P.R. 307 (Aug. 29, 2002). Because we agree that Vernon does not have any right to appeal to the Board, we hold that the Board correctly concluded that it did not have jurisdiction and we, therefore, *affirm*.

Vernon's appointment as a Customs Inspector was a Veterans Readjustment Appointment pursuant to 5 C.F.R. § 307.103 (which made him a "preference eligible employee" under 5 U.S.C. § 2108(3)(B)). Vernon was removed while he was serving a one-year probationary appointment with the Customs Service. He had been ap-

pointed subject to completion of a one-year trial period beginning July 31, 2000. He received a letter, effective upon receipt, notifying him of termination on July 23, 2001.

Vernon argues that the accounts of incidents related in the letter as the basis for his termination are false and that his termination was arbitrary and capricious. He contends that his removal represents violations of his Fifth and Fourteenth Amendment due process rights and that he should have received advance notice of his proposed removal and the opportunity to refute the unfavorable accounts at the basis of his removal. Vernon also argues that his removal constituted a violation of a collective bargaining agreement.

Vernon specifically acknowledges that he was a probationary employee at the time of his removal and in his appeal to the Board, disavowed having any claim under the Uniformed Services Employment and Reemployment Rights Act of 1994, Pub. L. No. 103–353 (codified at 38 U.S.C. § 4301 *et seq.*) or any claim under the Whistleblower Protection Act of 1989, Pub. L. No. 101–12, 103 Stat. 16.

The Board has jurisdiction over appeals from certain agency personnel decisions pursuant to 5 U.S.C. § 7701(a), which provides that "an employee ... may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation." This makes a petitioner's status as an "employee" a prerequisite to having a right of appeal and to Board jurisdiction. Specifically, under 5 U.S.C. §§ 7511–7513, for purposes of appealing a removal action, a petitioner must be included in one of several possible categories in order to meet the definition of "employee." As a preference eligible individual in the excepted service who had completed less than one year of current continuous service, Vernon is not covered by any of the categories in § 7511(a)(1).[1] Vernon is, thus, not an "employee" under § 7511 and he has no right to appeal. *See Horner v. Lucas,* 832 F.2d 596 (Fed.Cir.1987) (holding that the petitioner was not entitled to the protections of 5 U.S.C. §§ 7511(a)(1) and 7513 because under § 7511(a)(1)(A) the temporary status of his position in the competitive service prevented him from qualifying as an employee). The Board correctly concluded that it had no jurisdiction to reach the merits of any of Vernon's claims, including both the claims under the

---

1. Section 7511(a) explains that:
   For the purpose of this subchapter—
   (1) "employee" means—
   (A) an individual in the *competitive service*—
   (i) who is not serving a probationary or trial period under an initial appointment; or
   (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less;
   (B) a preference eligible in the excepted service who has *completed 1 year of current continuous service in the same or similar positions*—
   (i) in an Executive agency; or
   (ii) in the United States Postal Service or Postal Rate Commission; and

   (C) an individual in the excepted service (*other than a preference eligible*)—
   (i) *who is not serving a probationary or trial period* under an initial appointment pending conversion to the competitive service; or
   (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.
   5 U.S.C. § 7511 (emphases added). Vernon is excluded from each category—he is, in fact, doubly excluded from subsection C as a preference eligible individual *and* one who is serving in a probationary period.

Fifth and Fourteenth Amendments and the claims based on collective bargaining agreements. *See Pervez v. Dep't of the Navy,* 193 F.3d 1371 (Fed.Cir.1999) (holding that as an individual with a probationary position in the competitive service, the petitioner was not an "employee" and, therefore, the Board had no jurisdiction at all over her appeal).

The only other way that the Board may entertain Vernon's appeal of the removal other than under § 7511, is if Vernon alleged the removal "was based on partisan political reasons or marital status." 5 C.F.R. § 315.806(b).[2] After alleging termination based on marital status to the Board and the Board finding that he failed to make a nonfrivolous claim, Vernon does not argue this contention before us or suggest that the Board's finding was erroneous. We consider it, thus, also not a basis for jurisdiction.

In sum, the petitioner is correct that he has "rights to due process," but 5 U.S.C. §§ 7511–7513 determine what process is "due," and the process due to the petitioner under those statutes does not include a right of appeal to the Board. We must affirm the Board's dismissal for lack of jurisdiction.

---

**2.** 5 C.F.R. § 315.806(b) applies to career or career conditional employees but this includes the petitioner here because he is a Gulf War veteran and "a veteran given an appointment under the authority of this subsection whose employment under the appointment is terminated within one year after the date of such appointment shall have the same right to appeal that termination to the Merit Systems Protection Board as a career or career-conditional employee has during the first year of employment." 38 U.S.C. § 4214(b)(1)(E).