NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3195

ROBERT A. KURSAR,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.

_____

DECIDED: December 12, 2005

_____

Before RADER, BRYSON, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Robert A. Kursar appeals from a decision of the Merit Systems Protection Board, No. SE-315H-03-0187-I-2, holding that his termination from the Transportation Security Administration ("TSA") did not violate the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). In his petition for review to the full Board, Mr. Kursar proffered certain evidence that he contended was new and material. The Board summarily denied his petition. Because the record is insufficient to support a

conclusion that the proffered evidence was not new and material, we <u>vacate</u> the Board's order and <u>remand</u> the case to the Board for further consideration of that issue.

BACKGROUND

On April 7, 2002, Mr. Kursar was selected for an excepted service position with the TSA as a Federal Air Marshal. His appointment was subject to a one-year trial period. Mr. Kursar reported to his assigned field office in Seattle on April 22, 2002. On April 23, Mr. Kursar's supervisor, Special Agent In Charge William Blake, Jr., informed Mr. Kursar that there were some questions regarding Mr. Kursar's employment application, and that he would be placed on administrative suspension pending further background investigation. On April 25, Mr. Blake gave Mr. Kursar written notice of his intention to terminate Mr. Kursar because of false or incorrect information on his employment application. Mr. Kursar submitted a written response to the proposed termination on April 29. After considering that response, Mr. Blake terminated Mr. Kursar on May 3, 2002.

The present dispute stems from a conversation that Mr. Blake had with Major Wellington Y. Hom on April 22, 2002, the day before Mr. Blake put Mr. Kursar on administrative suspension. Major Hom served with Mr. Kursar in an Army Reserve unit in 1994 and 1995. On April 22, Major Hom was in the Seattle field office for a meeting with Mr. Blake. While he was there, Major Hom recognized Mr. Kursar and told Mr. Blake that Mr. Kursar had had employment problems in the past. The contents of that conversation are critical to the present dispute.

Mr. Kursar contends that Major Hom had a grudge against him based, in part, on a USERRA claim that Mr. Kursar had filed against the Whatcom County Sheriff's office

in 1996, a claim that apparently led to reprimands for some of Major Hom's friends who worked at the sheriff's office. In his appeal to the MSPB, Mr. Kursar asserted that Major Hom told Mr. Blake that Mr. Kursar would not hesitate to file similar complaints against law enforcement agencies such as the TSA. Although it is unclear from the record how Mr. Kursar reached that conclusion as to what Major Hom and Mr. Blake discussed in their April 22 conversation, he contended that in light of that conversation, his termination must have been based on his 1996 USERRA claim and/or his status as an Army reservist.

Mr. Blake and Major Hom presented a different version of their April 22 conversation. They claimed that the conversation focused on Mr. Kursar's history of lying on employment applications, and they further claimed that, as of April 22, neither Mr. Blake nor Major Hom even knew about Mr. Kursar's 1996 USERRA claim.

Mr. Kursar appealed his termination to the MSPB in March of 2003. The administrative judge noted that because Mr. Kursar's position was probationary, he was not an "employee" within the meaning of 5 U.S.C. § 7511(a)(1) and therefore had no right to appeal his termination. Based on that preliminary conclusion, the administrative judge issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction. In response to that order, Mr. Kursar alleged that his termination violated USERRA because it was motivated by his status as an Army reservist and/or his 1996 USERRA claim. Because Mr. Kursar was a probationary employee, the administrative judge found that the Board had jurisdiction to hear Mr. Kursar's USERRA claim, but did not have jurisdiction to otherwise review the merits of his termination.

After a hearing held on March 2 and 3, 2004, the administrative judge issued an Initial Decision in August 2004 denying Mr. Kursar's request for relief under USERRA. The administrative judge found that Mr. Blake's and Major Hom's version of the April 22 conversation was credible. In particular, the administrative judge concluded that there was no evidence that Mr. Blake or Major Hom even knew about Mr. Kursar's 1996 USERRA claim as of April 22, 2002. Thus, although the administrative judge found that Mr. Blake based his decision to terminate Mr. Kursar on a "gut feeling" that was "entirely [based] on the allegations contained in Major Hom's declaration," the administrative judge concluded that there was no evidence supporting Mr. Kursar's allegation that his termination was motivated by his military status or his 1996 USERRA claim.

In late May of 2004, nearly three months after the hearing, Mr. Kursar's lawyer—William B. Knowles—obtained a letter from Matthew Johnson, an investigator who worked for the Ministry of the Attorney General in British Columbia. The letter was apparently sent in response to a Freedom of Information Act request that Mr. Knowles pursued after Major Hom's deposition, in which Major Hom said that he had talked to background investigators about Mr. Kursar. In July of 2004, Mr. Knowles was indicted on unrelated matters. Although Mr. Knowles's office had a copy of Mr. Johnson's letter, Mr. Kursar was not able to obtain a copy of the letter until September 29, 2004, through newly hired counsel. On October 4, 2004, Mr. Johnson signed an affidavit swearing to the contents of his earlier letter. According to the affidavit, Mr. Johnson conducted a background check on Mr. Kursar in 2002, pursuant to an employment application that Mr. Kursar submitted after his termination from the TSA. As part of that background check, Mr. Johnson interviewed Major Hom. According to Mr. Johnson's affidavit,

during that interview Major Hom talked about Mr. Kursar's 1996 USERRA claim and stated that he knew about Mr. Kursar's 1996 USERRA claim because he knew the individuals at the sheriff's office who were involved in the claim. According to Mr. Johnson, Major Hom also said that he told Mr. Blake about Mr. Kursar's 1996 USERRA claim. When asked by Mr. Johnson why he told Mr. Blake about Mr. Kursar's 1996 USERRA claim, Major Hom responded, in essence, that he thought it was important for Mr. Blake to know that Mr. Kursar was a "troublemaker" who would not hesitate to make reports against other law enforcement officers.

Although Mr. Johnson's letter was apparently sent in response to Mr. Knowles's Freedom of Information Act request, the record contains no evidence regarding how or when that request reached Mr. Johnson. Based on Mr. Johnson's affidavit, all that the record shows is that Mr. Kursar's first contact with Mr. Johnson (through Mr. Kursar's lawyer, Mr. Knowles) was in April 2004, and that Mr. Johnson was on vacation and unreachable from February 2004 (just before Mr. Kursar's hearing on March 2 and 3) through mid-April 2004.

Mr. Kursar filed a petition for review of the Initial Decision on October 27, 2004, arguing that Mr. Johnson's affidavit constituted new and material evidence. The Board summarily rejected the petition, and Mr. Kursar appeals.

DISCUSSION

In his appeal, Mr. Kursar raises two issues. First, Mr. Kursar argues that he was denied due process because he was terminated without an adequate opportunity to respond to Major Hom's allegations. However, because Mr. Kursar was completing a probationary period in an excepted service position—a conclusion Mr. Kursar does not

challenge—he has failed to show that he was denied procedural rights to which he was entitled. Under 5 U.S.C. §§ 7511-13, for purposes of appealing a removal action, a petitioner must be included in one of several possible categories in order to meet the definition of "employee." Mr. Kursar was employed by the TSA on a trial basis for less than one month. Accordingly, he was not within the statutory definition of "employee" in section 7511(a)(1), regardless of whether he was, as he asserts in his brief, a preference eligible veteran. Because he was not an "employee" under section 7511, he was not entitled to the protections of section 7513, which include the right to 30 days written notice, an opportunity to respond, and the right to appeal an adverse decision to the MSPB. See Horner v. Lucas, 832 F.2d 596, 597 (Fed. Cir. 1987) (holding that petitioner was not entitled to the protections of 5 U.S.C. §§ 7511(a)(1) and 7513 because under section 7511(a)(1)(A) the temporary status of his position in the competitive service prevented him from qualifying as an employee). And because of Mr. Kursar's status as a probationary employee, the Board correctly concluded that Mr. Kursar had no right to appeal the merits of his termination to the MSPB.[1]

The second issue raised by Mr. Kursar on appeal is whether the Board should have granted his petition for review based on Mr. Johnson's affidavit, which Mr. Kursar contends is new and material evidence supporting his USERRA claim. To prevail on his USERRA claim, Mr. Kursar bore the initial burden of showing that his military status or

---

[1] As a probationary employee, Mr. Kursar lacked a property interest in his position that entitled him to procedural protections under the Fifth Amendment's Due Process Clause. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985); Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972); Silva v. Bieluch, 351 F.3d 1045, 1047 (11th Cir. 2003); Williams v. Seniff, 342 F.3d 774, 787 (7th Cir. 2003); Finley v. Giacobbe, 79 F.3d 1285, 1297-98 (2d Cir. 1996).

his past USERRA claim was "at least a motivating or substantial factor" in the agency's decision to terminate him. Sheehan v. Dep't of the Navy, 240 F.3d 1009, 1014 (Fed. Cir. 2001). By regulation, the Board will grant a petition for review when it finds that "new and material evidence is available that, despite due diligence, was not available when the record closed." 5 C.F.R. § 1201.115(d)(1); see Wright v. U.S. Postal Serv., 183 F.3d 1328, 1332 (Fed. Cir. 1999). New evidence is "material" if it is "of sufficient weight to warrant an outcome different from that of the initial decision." Bucci v. Dep't of Educ., 42 M.S.P.R. 47, 55 (1989).

Although Mr. Kursar's petition for review was based on Mr. Johnson's affidavit, neither the TSA in its response to the petition, nor the Board in its order denying the petition, specifically addressed Mr. Johnson's affidavit. Rather, the TSA simply argued in its response, as it does in its brief in this court, that the initial decision boiled down to a credibility determination—weighing the credibility of Major Hom and Mr. Blake against the credibility of Mr. Kursar—and that Mr. Kursar's "new" evidence merely challenges the administrative judge's credibility determination. That response is incomplete for two reasons. First, while it may be true, as the agency argues, that new evidence regarding witness credibility is rarely material, see, e.g., Bucci, 42 M.S.P.R. at 55, it is also true that a decision resting entirely on a credibility determination might be affected by evidence that was not presented to the administrative judge, but that directly undermines the central credibility determination, Wright, 183 F.3d at 1332. Second, Mr. Johnson's affidavit does more than merely impeach Mr. Blake's and Major Hom's credibility. Rather, it directly contradicts the critical factual determination on which the Initial Decision hinged. The Initial Decision on Mr. Kursar's USERRA claim hinged on

the administrative judge's conclusion that Major Hom and Mr. Blake did not discuss Mr. Kursar's 1996 USERRA claim during their April 22 conversation and that neither of them even knew about Mr. Kursar's past USERRA claim. While that conclusion was reasonable in light of the administrative record at the time of the hearing, Mr. Johnson's affidavit directly contradicts that critical conclusion based on a statement reportedly made by Major Hom. Not only does Mr. Johnson's affidavit suggest that Major Hom and Mr. Blake knew about Mr. Kursar's 1996 USERRA claim, but it further suggests that the critical conversation between Major Hom and Mr. Blake focused, at least in part, on Major Hom's assertion that Mr. Kursar was unfit for a TSA position precisely because he had filed a USERRA claim in the past. If that assertion was a motivating factor in Mr. Blake's "gut feeling" to terminate Mr. Kursar, then Mr. Kursar would likely have met his initial burden of showing that his military service or his past USERRA claim was a motivating or substantial factor in his termination, and the agency would have to show that Mr. Kursar would have been terminated regardless of his 1996 USERRA claim and his military status. Sheehan, 240 F.3d at 1014. Contrary to the agency's vague response to Mr. Kursar's petition for review, Mr. Johnson's affidavit was therefore at least facially material.

The full Board's order dismissing Mr. Kursar's petition for review did not refer to the materiality of Mr. Johnson's affidavit. Rather, the Board summarily concluded that Mr. Kursar had presented "no new, previously unavailable, evidence." Similarly, TSA's brief in this court asserts, without much elaboration, that Mr. Johnson's affidavit was not "new" evidence. The record, however, shows that Mr. Johnson's first contact with Mr. Kursar was in late April 2004, more than a month after Mr. Kursar's hearing, and that

Mr. Kursar did not obtain Mr. Johnson's letter and his affidavit until after the administrative judge's decision in the case. If, despite due diligence, Mr. Kursar could not have obtained the evidence before the record closed, Mr. Johnson's affidavit would appear to be "new."

Although we do not conclude here that Mr. Johnson's affidavit was new or material, we believe the record, in its current state, does not support a conclusion that substantial evidence shows that the affidavit did not constitute "new and material" evidence. Further proceedings are necessary to ascertain whether Mr. Johnson's affidavit was new and material evidence and, if so, whether that evidence, if considered by the administrative judge, would result in a different outcome in this case. We therefore vacate the Board's order and remand this case to the Board for further proceedings addressed to Mr. Kursar's new and material evidence claim.