NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AMY L. WILSON,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3092

---

Petition for review of the Merit Systems Protection Board in DA0752110276-I-1.

---

Decided: October 10, 2012

---

AMY L. WILSON, of Bastrop, Texas, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before BRYSON, DYK, and MOORE, *Circuit Judges*.

PER CURIAM.

## DECISION

Petitioner Amy L. Wilson seeks review of an order of the Merit Systems Protection Board dismissing her appeal from the decision of the Department of the Treasury to terminate her. We affirm.

## BACKGROUND

On February 22, 2010, Ms. Wilson received a career-conditional appointment to the competitive service as a "full time seasonal" Tax Examining Technician with a Treasury Department office in Austin, Texas. The appointment was subject to a one-year probationary period. During a probationary period, an appointee in the competitive service has no statutory right, and very limited regulatory rights, to appeal any termination decision. *See* 5 C.F.R. §§ 315.805-.806.

On November 29, 2010, Ms. Wilson was notified that she was being terminated from her position because she was "not fully successful in all of the required Critical Job elements" and because she had failed to follow managerial directives. The agency terminated Ms. Wilson on January 22, 2011, before the expiration of her one-year probationary period.

Ms. Wilson sought to appeal her termination to the Merit Systems Protection Board. In her appeal, she argued that her removal was improper for a number of reasons, including that it was the result of harmful procedural error and discrimination, and that it was otherwise not in accordance with law. The administrative judge

who was assigned to the case noted a potential jurisdictional problem with the appeal because Ms. Wilson failed to allege that her termination was based on partisan political reasons or marital status discrimination—the only two types of in-service conduct that can give rise to Board review of a probationary employee's removal. 5 C.F.R. § 315.806(b). The administrative judge permitted the parties to address the jurisdictional issue and to supplement the record, and the parties did so.

The administrative judge subsequently dismissed the appeal for lack of jurisdiction because the termination occurred during a probationary period and was not based on partisan political reasons or Ms. Wilson's marital status. Ms. Wilson appealed the removal decision to the full Board. The Board denied review, concluding that Ms. Wilson's claims of political partisanship and marital status discrimination were untimely and were not supported by any nonfrivolous factual allegations. Ms. Wilson now seeks review from this court.

DISCUSSION

Career-conditional appointments with federal agencies are subject to a one-year probationary period during which an employee may be terminated for unsatisfactory performance or conduct. *See* 5 C.F.R. § 315.804(a). Moreover, an employee who is terminated during a probationary period has only limited rights to appeal that decision to the Board; the employee may appeal the termination only if it was "based on partisan political reasons or marital status," *see id.* § 315.806(b), or was not effected in accordance with certain procedural requirements, *see id.* § 315.806(c).

On appeal to this court, Ms. Wilson does not contend that her termination was due to partisan political reasons or her marital status. Instead, she argues that her termination violated a collective bargaining agreement between the agency and the National Treasury Employees Union. An allegation of conflict with a collective bargaining agreement, however, does not give the Board jurisdiction to review a probationer's removal. *See Smith v. Merit Sys. Prot. Bd.*, 813 F.2d 1216, 1218-19 (Fed. Cir. 1987) ("Ordinarily a collective bargaining agreement cannot confer jurisdiction on the board if the employee would not otherwise have the right to appeal to the board."); *see also Vernon v. Dep't of the Treasury*, 58 F. App'x 472, 473-74 (Fed. Cir. 2003) ("The Board correctly concluded that it had no jurisdiction to reach the merits of any of [appellant's] claims, including . . . the claims based on collective bargaining agreements."). Therefore, regardless of whether the agency complied with the grievance procedures in the collective bargaining agreement with Ms. Wilson's union—an issue we do not address—the Board properly dismissed her appeal because it lacked jurisdiction to consider it.

The short of the matter is that Ms. Wilson was terminated because the agency concluded that her "conduct during [the probationary] period fail[ed] to demonstrate h[er] fitness . . . for continued employment." 5 C.F.R. § 315.804(a). A probationer who is removed for that reason has no right of appeal to the Board. *Id.* § 315.806(a). The Board therefore correctly held that it lacked jurisdiction over Ms. Wilson's appeal. *See Carrow v. Merit Sys. Prot. Bd.*, 626 F.3d 1348, 1352 (Fed. Cir. 2010).

No costs.

**AFFIRMED**