NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAMELA J. HOLMES,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1551

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-16-0076-I-1.

---

Decided: July 8, 2016

---

PAMELA J. HOLMES, Montgomery, AL, pro se.

CALVIN M. MORROW, Office of the General Counsel, Merits Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before NEWMAN, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Pamela J. Holmes ("Holmes") seeks review of the Merit Systems Protection Board's ("the Board") decision dismissing her appeal for lack of jurisdiction without a hearing. *Holmes v. Dep't of Commerce*, PH-0752-16-0076-I-1, 2015 WL 8971876 (M.S.P.B. Dec. 10, 2015). Specifically, the Board found that Holmes was not an employee under the relevant statute and, as such, did not have jurisdiction to appeal an adverse action to the Board. For the reasons explained below, we *affirm*.

BACKGROUND

Holmes was appointed to a full-time position in the competitive service as a Supervisory Survey Specialist for the Department of Commerce's ("the agency") Bureau of the Census, Philadelphia Regional Office, on December 15, 2014 for a term that was "NTE [not to exceed] 12/12/15." Standard Form ("SF") 50, Notification of Personnel Action, Joint Appendix ("J.A.") 14. The SF-50 that notified Holmes of her new position explicitly noted that the "position is temporary." *Id.* And, further, that "temp employees serve under appts limited to 1 year or less & are subject to termination at any time w/o use of adverse or reduction-in-force procedures." *Id.*

Prior to her temporary employment at the agency, Holmes served as a Medical Support Assistant for the Department of the Army for a number of years. *See Holmes*, 2015 WL 8971876, n.4. There was a ten day gap between her employment with the Department of the Army and her temporary appointment with the Department of Commerce. *Id.* On October 26, 2015, Holmes was issued a notice of termination, indicating that her employment with the agency would be terminated on October 30, 2015 "due to unacceptable conduct." J.A. 16. In particular, the notice pointed to Holmes' alleged "failure to pay [her] Government-Issued Credit Card." *Id.* Because it was not "in the best interest of the government to retain [her] in the Federal service," and in order "to

promote the efficiency of the service," the Assistant Regional Director terminated her employment. *Id.*

Holmes timely appealed the termination action to the Board, which issued an Order to Show Cause why the case should not be dismissed for lack of jurisdiction. *See Holmes*, 2015 WL 8971876. Holmes responded that the Board had jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. *Id.* She also challenged the stated reason for why the agency removed her in the first place, claiming "that the agency did not apply the Douglas Factors and violated her due process rights under the Fifth and Fourteenth Amendments of the United States Constitution." *Id.* She also requested a jury trial. *Id.* The agency responded that the Board "lacked jurisdiction under Chapter 75 because the petitioner did not meet the definition of an 'employee' in 5 U.S.C. § 7511." Appellee Br. 3.

On December 10, 2015, the administrative judge issued its initial decision, agreeing with the agency that the Board lacked jurisdiction over the action because the petitioner did not meet the applicable definition of an 'employee' in 5 U.S.C. § 7511(a)(1). [JA3–4.] In particular, the administrative judge found that Holmes' "temporary position . . . does not satisfy the definition of an employee pursuant to § 7511(a)(1)(A)(i)," and that "[n]either 28 U.S.C. § 1331 nor 42 U.S.C. § 1983 provides an independent source of Board jurisdiction." [JA4–5.] The administrative judge, therefore, dismissed the appeal.

Because neither party filed a petition for review, the administrative judge's initial decision became the final decision of the Board on January 14, 2016. Holmes timely

petitioned this court for review,[1] and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### DISCUSSION

By regulation, the petitioner bears the burden of proving that the Board has jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i)(A); *see Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012). The jurisdiction of the Board is not plenary, but is "limited to those areas specifically granted by statute or regulation." *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1327 (Fed. Cir. 2006) (quoting *Antolin v. Dep't of Justice*, 895 F.2d 1395, 1396 (Fed. Cir. 1989)).

The term "employee" is the statutory trigger for an appeal to the Board from an adverse action, such as a disciplinary removal, and is defined in 5 U.S.C. § 7511(a)(1). That statute defines the term "employee" as "(A) an individual in the competitive service (i) who is not serving a probationary or trial period under an initial appointment; or (ii) . . . who completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less."

Holmes does not qualify as an employee under § 7511(a)(1). She does not meet the requirements of the § 7511(a)(1)(A)(ii) because she is a temporary employee who has served less than one year. And, although she meets the literal terms of § 7511(a)(1)(A)(i), she is "an individual in the competitive service who [wa]s not serving a probationary or trial period under an initial appointment," we have held that a literal reading

---

[1] Holmes filed a supplemental brief and memorandum requesting oral argument on June 14, 2016. App. Pet. 16-1551, ECF No. 19. Although late-filed, we consider the arguments made therein for purposes of this appeal, though we did not grant oral argument.

interpreting A(i) to cover temporary employees "would render [A(ii)] superfluous and thus violate the rule of construction that a statute should not be interpreted in a way that renders one of its parts inoperative." *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 412 (Fed. Cir. 1995) (discussing the analogous section 5 U.S.C. § 7511(a)(1)(C), which applies to individuals in the excepted service, instead of the competitive service, as here, which is governed by 5 U.S.C. § 7511(a)(1)(A)); *see also Antolin*, 895 F.2d at 1397 ("Under the plain language of the statute, even when an individual serves a series of temporary appointments of one year or less, that individual does not become an employee for the purpose of § 7511(a)(1)."); *Horner v. Lucas*, 832 F.2d 596, 597 (Fed. Cir. 1987) ("To be an 'employee' the statute mandates that [the appellant] be serving in continuous employment in a non-temporary appointment at the time of the adverse action.")

The Board has similarly held that "a temporary appointee who lacks the requisite length of service to satisfy subsection (A)(ii) does not have adverse action appeal rights merely because he or she meets the literal terms of subsection (A)(i)." *Johnson v. Dep't of Veterans Affairs*, No. PH-0752-04-0193-I-1, 2005 WL 1999582 (M.S.P.B. Aug. 12, 2005). *See also Fish v. Dep't of the Navy*, 29 M.S.P.R. 595, 598 (1986) (appellant did not meet the definition of an "employee" even though he had eight consecutive temporary appointments of one year or less).

Holmes argues that her previous experience with the Department of the Army satisfies the requirements of the statute as she has "exceeded 3 years of Federal Service successfully and meets the definition of a federal service employee." Appellant Br. 4. But "[p]revious service in a non-temporary post, which is followed by new temporary positions, is irrelevant under the statute." *Horner*, 832 F.2d at 597. Moreover, the Office of Personnel Management ("OPM") guidelines define current continuous em-

ployment as: "a period of employment or service immediately preceding an adverse action in the same or similar positions *without a break in Federal civilian employment of a workday.*"  5 C.F.R. § 752.402(b) (emphasis added). Holmes' 10-day hiatus between working for the Department of the Army and commencing her term at the Department of Commerce renders her ineligible for current continuous employment status.  Because Holmes' currently appeals from an adverse action taken against her as a temporary employee who has served for less than one year, the Board does not have jurisdiction to hear Holmes' complaint.

Finally, as before the administrative judge, Holmes raises a number of additional concerns before this court. These include the administrative judge's failure to consider the twelve Douglas factors, *see Douglas v. Veterans Admin.*, 5 M.S.P.R. 280 (1981), her due process rights under the Fifth and Fourteenth Amendments, and the OPM Guidelines.  But because the Board lacks jurisdiction to hear Holmes' petition, we cannot address the merits of these arguments.

CONCLUSION

Holmes appeals the Board's dismissal of her petition for lack of jurisdiction.  Because we agree that the Board does not have jurisdiction, we *affirm*.

**AFFIRMED**

COSTS

No costs.